———o———

GUY CHANDLER, Admr. of BENJAMIN MURPHY, Plaintiff in Error, *vs.* JNO. DODSON, *et al.*, Defendant in Error.

1. *Administration—Probate Court, exclusive jurisdiction of—Circuit Court— Bill of Interpleader.*—The Probate Court has exclusive original jurisdiction in directing the appropriation of the proceeds, of an estate by an administrator, and a bill of interpleader by an administrator in the Circuit Court to determine the claims of different parties on such funds cannot be sustained.

*Error to Adair Circuit Court.*

*De France and Halliburton,* for Plaintiff in Error.

The plaintiff, as a trustee having reasonable doubt as to the proper disposition of said funds, has a right for his own safety to apply to a court of equity for directions. (Hayden's Executors vs. Marmaduke, 19 Mo., 403, and cases cited.)

*Barron and Millan & Griggs,* for Defendant in Error.

The order of the Probate Court when made had the force and effect of a judgment, and protects the administrator unless reversed or modified by a proper court under proper proceedings.

EWING, Judge, delivered the opinion of the court.

This was a proceeding in the nature of a bill of interpleader, instituted by the plaintiff as public administrator, in charge of the estate of Benjamin Murphy, the object of which is to have a decree of the court directing the application of certain funds to which there are conflicting claims.    The petition alleges in substance that defendant, Nancy Murphy, was appointed administratrix of the estate of Benjamin Murphy, and that while she was so acting as administratrix, sundry claims which are specifically mentioned, were presented and allowed against said estate; and that while she was so acting, the Probate Court made an order appropriating out of the assets belonging to said estate, the sum of seven hundred and twenty dollars for the support of said Nancy—as the widow of said deceased—and the heirs of said deceased, and that subsequently there was a further order of said court appropriating fifty dollars for the education of the minor heirs. It is further alleged that certain of the claims allowed as aforesaid, have been paid and that certain others remain unpaid; that said Nancy made, a final settlement of the administration of said estate and re signed.    That another was appointed administrator, *de bonis non* of said estate, and while acting as such, paid the said Nancy on the allowance aforesaid, $412.30, proceeds of the sale of real estate of said estate, and made a final settlement with said court, and resigned his letters of administration. That thereupon plaintiff was ordered as public administrator to take charge of said estate, which he did, and as such sold under order of the court certain real estate for $300, and by an order of said court, paid said Nancy Murphy, widow, out of said proceeds, $127.50 as her dower interest in rents collected on property of the estate; that the balance remains in plaintiff's hands which is claimed by said widow and the defendants as creditors of the estate; that said funds are held in trust for said widow or said creditors, and he has doubts as to the proper application of the fund, wherefore plaintiff prays for a decree directing how it shall be paid.

9 MO—LII.

A demurrer to the petition was sustained, upon which judgment was entered, and the cause is here by writ of error.

The demurrer to the petition was properly sustained. The Probate Court, as it had the exclusive power to do, made an appropriation out of the assets of the estate for the benefit of the widow, the greater part of which has been paid to her under orders of the court. The administration upon the estate is still open and unsettled, and the Probate Court is competent to hear and determine the controversy respecting the duties of the administrator in relation to the fund to which the widow and creditors make claim. That court has exclusive original jurisdiction of the subject. The jurisdiction in such case is as clear as it is to hear and determine any demand against an estate. (See Miller vs. Woodward, 8 Mo., 168; Overton vs. McFarland, 15 Mo., 312.) And any orders it may make in the premises will therefore afford protection to the plaintiff, as administratrix in obeying them. This is the only object the plaintiff seeks to accomplish by the proceeding.

Judgment affirmed. The other Judges concur.