DANIEL RENTSCHLER ET AL., Appellants, *v.* WILLIAM C. JAMISON, ADMINISTRATOR, Respondent.

### June 4, 1878.

Suit was brought by attachment in Illinois against a citizen of Missouri, who appeared to the action, and judgment was rendered against him, which was, on appeal, subsequently reversed; the defendant then died, and his administrator in Missouri was made a party, and was served by publication, but did not appear, and judgment was rendered against him. *Held,* that so far as the estate of the intestate in Missouri was concerned, this judgment was a nullity.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

R. F. WINGATE, for appellants: Acts of limitation, unless they expressly discharge the debt, go to the remedy merely. — *Carson* v. *Hunter,* 46 Mo. 467. The death of the sole defendant does not abate the action. — Stats. Ill. 97, sect. 11. A judgment of a State court has the same credit, validity, and effect in every other court within the United States as it had where rendered. — *Mills* v. *Duryea,* 7 Cranch, 481; *Hampton* v. *McConnell,* 3 Wheat. 234; *Sarchett* v. *Davis,* Crabbe, 185; *Mayhew* v. *Thatcher,* 6 Wheat. 129. And it matters not that the service was illegal. — *Houston* v. *Dunn,* 13 Texas, 480. The deceased having appeared to the action, the decree rendered against his administrator upon notice by publication was good. — *Nations* v. *Johnson,* 34 How. 203.

CLINE, JAMISON & DAY, for respondent: The judgment has no validity in the State of Missouri, as the court in Illinois had no jurisdiction over the administrator appointed under the laws of the State of Missouri, and there was no service of process on or appearance of said administrator in said cause. 3 Abb. Dig. 125; *D'Arcy* v. *Ketchum,* 11 How. 165; *Harris* v. *Hardeman,* 14 How. 334; *Warren Man. Co.* v. *Ætna Ins. Co.,* 2 Paine, 501; *Abbott* v. *Shepard,* 44 Mo. 273; *Roach* v. *Burnes,* 33 Mo. 319; *Warren* v. *McCarthy,* 25

Ill. 103; *Smith* v. *Smith*, 17 Ill. 483; *Sim* v. *Frank*, 25 Ill. 127; *Judy* v. *Kelley*, 11 Ill. 211.

Bakewell, J., delivered the opinion of the court.

This was an appeal from the Probate Court. On trial anew in the Circuit Court, a jury was waived. Plaintiffs offered in evidence the record of a judgment of the Circuit Court of St. Clair County, Illinois. Defendant objected that the court rendering the judgment had no jurisdiction of the person of defendant, and that the claim was not filed within two years after the date of his letters. The objection was sustained. No other evidence was offered, and the court gave judgment for defendant; from which plaintiffs appealed.

It appeared from the record excluded, that in August, 1872, appellants sued Garnhart in St. Clair County, Illinois, by attachment, on the ground of non-residence, and that personal property of defendant was attached in that suit. Garnhart appeared and defended the action, and judgment was rendered against him for $1,400. He appealed to the Supreme Court of Illinois, which reversed the judgment and remanded the cause. May 10, 1874, Garnhart died; and on May 16th, Jamison was appointed his administrator by the Probate Court of St. Louis County, and qualified and gave the notice required by law. After Garnhart's death, plaintiffs amended their pleadings so as to make Jamison a party defendant, of which they published notice in a newspaper in St. Clair County. A copy of this notice they forwarded to Jamison by mail, and he received it. The administrator had no other notice of the suit, was never served with process, and did not appear. On October 1, 1875, judgment was rendered by default against Jamison, administrator of Garnhart; and subsequently final judgment was rendered for $1,696, on which execution was issued, and the attached property was sold. A transcript of this judgment was presented to the administrator in St.

Louis County, on which he waived notice, and on trial in the Probate Court, judgment was rendered for defendant.

It is quite well settled in Missouri, and has also been held in Illinois, and is generally held throughout the United States, both in the State and Federal courts, that where judgment is rendered in a suit by attachment without personal service on the defendant, the judgment is *in rem*, and the estate alone is liable for its payment. 3 Abb. Nat. Dig. 125 ; *Warren Man. Co.* v. *Ætna Ins. Co.*, 2 Paine, 502 ; *The Commonwealth* v. *Caldwell*, 1 Gilmer, 536 ; *Latimer* v. *Railroad Co.*, 43 Mo. 105.

It is, however, contended that as Garnhart appeared to this action during his life, and the court acquired jurisdiction of him, the administrator of Garnhart, as his personal representative, was properly brought in by notice. But this is not so. The Circuit Court of St. Clair County, Illinois, lost jurisdiction of the person of Garnhart by his death, and could acquire no jurisdiction over his administrator by any service had upon him whilst he was out of the territorial limits of the sovereignty under which the court acts. For the State of Illinois cannot, by notice to a citizen of Missouri, draw him to its *fora*. *Warren Man. Co.* v. *Ætna Ins. Co.*, 2 Paine, 514, and cases cited.

But suppose Jamison had chosen to appear and contest this case on its merits in Illinois, submitting himself to the jurisdiction of the court, what judgment could have been rendered that would avail the plaintiff here? He could not claim, of course, a personal judgment against the administrator, and a judgment against the estate of Garnhart must have been futile. The court in Illinois could have no control over the estate of deceased in Missouri. A judgment in another State against the administrator in Missouri could not be enforced against the estate here, no matter what service was made upon the administrator, nor even if he appeared in court during the trial and personally defended the action. The administrator could not, by any action

on his part, permit a claim against the estate of his intestate in Missouri to be adjudicated upon by a court in Illinois ; and a judgment obtained in Illinois after the death of Garnhart, against his administrator appointed in Missouri, could be no evidence of indebtedness in an action against the estate here. The courts of another State cannot enforce claims against the estates in Missouri of deceased persons, nor can the administrator here go into another and foreign jurisdiction and there permit claims to be adjudicated against the estate. And so it was held in *Judy* v. *Kelley*, 11 Ill. 213. In that case, suit was begun in Ohio, during the lifetime of the intestate, who had been duly served with process ; the death of defendant was suggested, leave granted to revive against his personal representatives, and at the next term his administrator in Illinois appeared and pleaded. It was held that the judgment obtained could not be enforced in Illinois against the estate of the deceased, that it was a nullity in Illinois, and that the creditor must resort to his action on the original contract.

The judgment of the Circuit Court is affirmed. Judge Lewis concurs ; Judge Hayden is absent.