FIRST NATIONAL BANK OF CORNING, ARKANSAS, Respondent, v. S. M. DOWDY, Administrator of the Estate of T. W. DOWDY, Deceased, Appellant.

Springfield Court of Appeals, December 11, 1913.

1. EXECUTORS AND ADMINISTRATORS: Judgment Against Ancillary: No Effect as to Domiciliary. A judgment against an ancillary administrator furnishes no cause of action against the domiciliary executor or administrator.

2. ————: Foreign Powers. A special administrator, appointed in Arkansas to administer on property left in that State by a citizen of Missouri, received his authority wholly from the State of Arkansas, and entering into the possession of his intestate's property in that State for the purpose of paying his

debts, he becomes intestate's representative; but such representation is qualified and extends only to the assets of which the State of Arkansas had jurisdiction.

3. ———: **Limit of Administrator's Jurisdiction.** An administrator's power as such does not extend beyond the boundaries of the State in which his letters of administration are granted.

4. ———: **Appointed for One State: Jurisdiction.** Where an administrator is appointed by the courts of one State, the courts of that State reserve to themselves the full and conclusive jurisdiction over the assets of the estate within the limit of the State.

5. ———: **Special Administrator in State Where Property is Located: Authority: Limitations of.** A judgment was rendered against a special administrator appointed in Arkansas over the estate there located of a resident of Missouri. *Held,* that the judgment creditor, who was a citizen of Arkansas, could not proceed by virtue of such judgment against the domiciliary administrator in the courts of Missouri, the power of the ancillary administrator being limited to the defense of the suit by the Arkansas statute.

6. ———: **Foreign Administrators: Powers Fixed by Statutes of State Appointing.** Sec. 1737, R. S. 1909, does not enlarge the authority of foreign administrators, but only enables such administrators to maintain an action in this State when such authority is possessed by them under the laws of their own State.

7. ———: **Judgment Against Foreign: Not Recognized in This State.** Where a judgment was rendered against an ancillary administrator in Arkansas, the refusal of the courts of this State to recognize same is not a denial of the "full faith and credit provision" of the United States Constitution, the parties to the judgment being neither privies in blood, in law or by estate.

Appeal from Butler County Circuit Court.—*Hon. J. P. Foard,* Judge.

REVERSED.

*Phillips, Lentz* and *Phillips* for appellant.

Granting that the judgment was a valid one and that the circuit court of Clay county had the power to appoint a special administrator, and that a judgment

against the said special administrator would be valid in the State of Arkansas, still the judgment must be considered as a judgment against an administrator of the estate of T. W. Dowdy, in the State of Arkansas. A judgment recovered against the administrator of a deceased person, in one State is no evidence of debt in a subsequent suit by the same plaintiff in another State, against an administrator, whether the same or a different person appointed there, or against or in favor of the person having assets of the deceased. Story on Conflict of Laws, sec. 522; Johnson v. Powers, 139 U. S. 159; Aspden v. Nixon, 4 How. (U. S.) 19; Stacey v. Thrasher, 6 How. (U. S.) 57-62; McLean v. Meek, 18 How. 16; Low v. Bartlett, 8 Allen, 259; Greer v. Ferguson, 19 S. W. (Ark.) 968; Elting v. Bank, 50 N. E. (Ill.) 1102-3; Rosenthal v. Rennick, 44 Ill. 207; McGarvey v. Darnell, 134 Ill. 367, 25 N. E. 1005; Judy v. Kelley, 11 Ill. 213; Railroad v. Dooley, 32 Ill. App. 228; Burton v. Williams, 88 N. W. (Neb.) 766; Flandrow v. Hammond, 43 N. Y. Supp. 143; Rentchler v. Jamison, 6 Mo. App. ——.

*F. G. Taylor* and *David W. Hill* for respondent.

(1) Our Supreme Court in construing Sec. I, art. 4 of the Federal Constitution places a judgment of a court of a sister State upon the same footing as a judgment of a like court in our own State, and it is not open to collateral attack. Tootle v. Buckingham, 190 Mo. 195; Barney v. White, 46 Mo. 137; Vennum v. Mertens, 119 Mo. App. 464. (2) Our courts will give the same faith and credit to a judgment rendered by a justice of the peace in a sister State as it would to a judgment rendered in our own State, and it is only necessary to file in the probate court, a copy of the judgment, uncertified and unauthenticated, and the fact whether it is a copy or not may be proven by an authenticated copy of the judgment or by parol evi-

dence, and the judgment in the case at bar was proven both ways. Etz v. Wheeler, 23 Mo. App. 449. (3) It is argued by counsel for appellant that respondent should have filed in the probate court the promissory note, and have it allowed and classified. Such proceeding is utterly impossible for the reason that the original cause of action, to-wit, the promissory note, merged in the judgment of the Clay County Circuit Court, a court of general jurisdiction, and that cause of action is extinguished, and the only cause of action that the respondent had after the rendition of that judgment, is the judgment itself. Wernse v. McPike, Admr., 100 Mo. 488.

ROBERTSON, P. J.—On April 4, 1910, T. W. Dowdy, a resident and citizen of Butler county, Missouri, executed a note to the plaintiff in the State of Arkansas for the sum of twelve hundred dollars, due June 15, 1910, and on March 10, 1911, the plaintiff instituted a suit and attachment proceedings in the circuit court of Clay county, Arkansas, against the said Dowdy. On October 2, 1911, the said Dowdy appeared and filed his answer therein. On January 26, 1912, the death of Dowdy was suggested and the action revived in the name of a special administrator *ad litem,* who refused to act; and thereafter, on April 9, 1912, the action was revived in the name of J. N. Moore as special administrator, who adopted the answer theretofore filed in the case as his answer. On April 11, 1912, the cause was prosecuted to judgment against the special administrator in the sum of $1072.71, with interest at the rate of ten per cent from said date. On August 17, 1912, a copy of the judgment was filed in the probate court of Butler county, in this State, for allowance against the estate of said Dowdy and his administrator, the defendant herein, duly notified. The amount of the judgment was allowed by the said

probate court as a claim against the said estate and the administrator appealed to the circuit court, where, upon a trial anew, the administrator met with the same fate and has appealed to this court.

The alleged statutory law of the State of Arkansas, by virtue of which the special administrator was appointed, reads as follows: "In all cases where suits may be instituted and either plaintiff or defendant may die pending the same, it shall be lawful for the court before which such suit or suits may be pending, on a motion of any party interested, to appoint a special administrator, in whose name the cause shall be revived, and said suit or suits shall progress in all respects in his name with like effect as if the plaintiff or defendant (as the case may be) had remained in full life." It further reads: "The powers of such administrator shall extend and be confined alone to the mere prosecution or defense of the particular suit or suits he may be appointed by the court to prosecute or defend." Another section reads: "No special administrator shall be appointed, as in this act prescribed, where there is a general administrator. No such special administrator or executor shall be liable for the costs of the suit, for the management whereof he may be appointed."

The rule is that, "A judgment against an ancillary administrator furnishes no cause of action, and is not even evidence against the domiciliary executor or administrator." [2 Wharton on Conflict of Laws (3 Ed.), par. 629a, p. 1382; Stacey v. Thrasher, 6 Howard, 44; Braithwaite v. Harvey, 27 L. R. A. 101.] An unlimited number of cases might be cited upon this proposition but those above cited will give the inquiring mind an opportunity to find the majority of the decisions touching this question. It appears that the authorities are uniform on this proposition.

The special administrator appointed in Arkansas received his authority solely from that State, and if

he goes into possession of his intestate's property in, that State for the purpose of paying his debts, he is, of course, in privity with him; yet this representation of his intestate is a qualified one and extends not beyond the assets of which his own State has jurisdiction. When an administrator, it is said, is appointed by the courts of one State, the courts of that State reserve to themselves full and conclusive jurisdiction over the assets of the estate within the limits of the State. "An administrator's power as such does not extend beyond the boundaries of the State in which his letters of administration are granted." [Emmons v. Gordon, 140 Mo. 490, 498, 41 S. W. 998.] This being the rule, it is difficult to understand how the plaintiff in the case at bar could claim that by virtue of its judgment against the special administrator, it acquired any greater rights than the administrator possessed.

Again, we are unable to understand how, in view of the provisions of the Arkansas statute limiting the powers of a special administrator to the defense of the suit, the plaintiff in this case can claim to have acquired any right to proceed, by virtue of his judgment, in this State. It appears that it could not even exact of the special administrator the collection of the personal assets of the deceased, if any, in Arkansas.

Section 1737, Revised Statutes 1909 of Missouri does not, in our opinion, aid the plaintiff in this case because that statute only enables foreign administrators and others of that character to maintain an action in this State when such authority is possessed by them under the laws of their own State.

The suggestion that to deny the recognition of this judgment by the courts of this State is a denial of the full faith and credit required under the Constitution, is answered by the authorities above cited on the theory that the parties to the judgment in question are neither privies in blood, in law or by estate.

In a note on page 111 in the case of Braithwaite v. Harvey, 27 L. R. A. 101, supra, it is said that, "The laws and courts of a State can only affect persons and things within their jurisdiction and both as to the administrator and the property confided to him, the judgment in another State is *res inter alios acta* and is not even prima-facie evidence of the debt, citing numerous authorities in support thereof.

It is also held in Rentschler v. Jamison, 6 Mo. App. 135, that a judgment obtained in another State after the death of a person, against his administrator appointed in this State, is no evidence of indebtedness against the estate of the deceased here.

It follows that the judgment of the circuit court should be reversed, which is accordingly done. *Sturgis, J.,* concurs. *Farrington, J.,* concurs.