J. W. JOHNSON, Respondent, v. N. L. KASTER, Appellant.

Kansas City Court of Appeals, May 20, 1918.

1. **INSANE PERSONS**: Allowance in Probate Court: Action in Circuit Court: Personal Judgment. A person was declared insane in the probate court and placed under guardianship. He was afterwards restored to his right mind and the guardian discharged. While the guardianship was pending an account, accruing against him before his insanity, was allowed to a creditor against his estate by the probate court, but it was not paid. The creditor then brought suit on the judgment in the circuit court against the former insane person praying a personal judgment against him. It was *held* that the action could not be maintained.

2. **JUDGMENT IN REM**: Personal: Estate. An allowance in the probate court of a claim against an insane person accruing while he was sane is in the nature of a proceeding *in rem* to be considered a judgment against the estate and not personal against the ward afterwards restored.

Appeal from Schuyler Circuit Court.—*Hon. N. M. Pettingil, Judge.*

REVERSED.

*Fogle & Fogle* for respondent.

*A. D. Morris* and *J. M. Jayne* for appellant.

ELLISON, P. J.—John Sloop was the guardian of defendant, then an insane person. Plaintiff had a claim against defendant which accrued before the latter's insanity. This claim was exhibited to and allowed by the probate court. Afterwards defendant became restored and was duly declared to be sane by that court. Afterwards Sloop made final settlement and was discharged without paying the allowance. Thereafter plaintiff brought this action by petition in the circuit court on the judgment of allowance in the probate court wherein he alleges that defendant is personally liable for such judgment and whereby he seeks a personal judgment against

him as in an ordinary action on personal indebtedness. The trial court rendered judgment for plaintiff.

By special provision of the statute (Sec. 197, R. S. 1909) an action, in the first instance, may be had in the circuit court against an administrator to establish a demand against an estate; and when it is thus established, it must be exhibited as a demand in the probate court where it will be classified and paid wholly, or in part if there are not sufficient assets, just as any other allowed claim would be paid. There is no like provision in the statute of guardians for insane persons. [Secs. 474-533, R. S. 1909.] In view of the general statutory provisions concerning the mode of presentation and allowance of demands against estates of deceased persons, a creditor of an estate, but for the exception made by section 197, perhaps could not establish his demand in the circuit court, in the first instance. In St. Louis v. Hollrath, 175 Mo. 79, it was held that an action on a claim against the estate of insane person might be maintained in the circuit court, in the first instance, on a claim arising since the granting of letter of guardianship. But not so as to claims accruing before the guardianship. [Sec. 498, R. S. 1909.]

But if we should concede that an action on a claim like the present could have been maintained in the first instance in the circuit court, it would be a concession not aiding plaintiff. For he, in the first instance, did not go to the circuit court, but presented his claim in the probate court and had an allowance, or judgment for it by that court against defendant's estate, and this action is based on that judgment. By this action he proposes to take the case from the probate court, which has exclusive jurisdiction of it, and place it in the circuit court where he may obtain a judgment on a judgment of the probate court and thereby, in effect, enforce a judgment of the probate court by an execution from the circuit court.

We are of the opinion this cannot be done. Plaintiff should have proceeded to give effect to his allowance in the probate court, before Sloop made his final settlement and received his discharge. As just stated the probate court has exclusive jurisdiction in such matters (Chand-

ler v. Dodson, 52 Mo. 128, 130), and if this particular creditor with an allowance in the probate court may sit by and permit a guardianship to be finally settled, depending on a supposed right to proceed in the circuit court against the ward who has been restored, every creditor could do the same and the distibution of estates be transferred to that court. We think it should not to be . permitted. [Black v. Black, 34 Pa. St. 354.]

Plaintiff's case is nothing less than an attempt to make of the allowance in the probate court against the estate of an insane person a personal judgment against such person when restored to sanity. We think it can be done. [Brown v. Chadwick, 79 Mo. 587.] An allowance, or judgment, in the probate court, is of the nature of a judgment *in rem*, that is to say, it is against the estate (Moody v. Peyton, 135 Mo. 482, 491) and hence it is not a personal judgment against the ward.

The judgment will be reversed. All concur.