FIRST NATIONAL BANK OF BRUSH, COLORADO, RESPONDENT, v. VODRA BLESSING, EXECUTOR OF ESTATE OF RICHARD L. PHILLIPS, DECEASED, APPELLANT.—98 S. W. (2d) 149.

Kansas City Court of Appeals. November 9, 1936.

*Frank M. Frisby* for respondent.

*Gilbert Barlow* and *C. C. Ross* for appellant.

REYNOLDS, J.—On January 13, 1932, the respondent instituted this action in the Probate Court of Harrison County, Missouri, by filing its demand therein for an allowance against the estate of one Richard L. Phillips, deceased, in Harrison County, Missouri, in the hands of the appellant, Vodra Blessing, as executor, in process of administration therein, based upon a certain promissory note executed to it by the deceased of date June 13, 1931, bearing interest from date at 8%.

From the record, it appears that the respondent, First National Bank of Brush, Colorado, is a national banking institution organized under the laws of the United States with its chief place of business at Brush, Colorado, and that, on June 13, 1931, the deceased, Richard L. Phillips, executed to respondent the promissory note in question, made the basis of respondent's cause of action herein, and afterward died, leaving the note unpaid and respondent as the owner thereof.

At the time of his death, the deceased owned property in both Washington County, Colorado, and Harrison County, Missouri; and, subsequent to his death, administration was instituted in the Probate Court of Harrison County, Missouri, upon his estate in said county; and letters testamentary were granted to appellant, Vodra Blessing, as executor. Administration was also instituted in the district court of Washington County, Colorado, in probate, upon his estate in that county and letters of administration were granted to his widow, Annie L. Phillips, whether as administratrix or executrix the record does not show. In the brief of one of the parties, it is stated that letters were granted to her as administratrix while in the brief of the other party it is stated that letters testamentary were granted to her. It is, however, unimportant, so far as the is-

sues of this case are concerned, whether she was appointed administratrix or executrix.

The respondent bank filed a demand for allowance against the estate of the deceased in Colorado in the district court of Washington County, Colorado, in probate, based upon the promissory note above referred to. The same was heard and allowed in said court on March 28, 1932, at a time when the action herein was pending.

At the hearing in the probate court of Harrison county, upon the demand filed by respondent therein in this action, the same was allowed in full with interest. From such allowance, the executor appealed to the Circuit Court of Harrison County, where he filed a motion to dismiss the demand and a plea in abatement, seeking to abate respondent's cause of action and appeal, which motion was based upon the following grounds:

"First, that at the time of the filing plaintiff's cause of action against the said estate of deceased in the Probate Court of Harrison County, Missouri, on January 13, 1932, there was another cause of action based on the same claim and purported cause of action pending in the District Court of Washington County, Colorado, a court having probate jurisdiction over estates; which said claim in the said District Court of Washington County, Colorado, was pursued and litigated and final judgment thereon rendered on the 28th day of March, 1932, in said court, and no appeal therefrom has been taken and said judgment is final.

"Second, that there is identity of the same cause of action in the District Court of Washington County, Colorado, as here presented and litigated between the plaintiff herein and the estate of Richard L. Phillips, deceased; that the amount involved was the same and the basis of action was a promissory note, and same matters have been adjudicated in a court of competent jurisdiction.

"Third, that the judgment rendered on said note by the District Court of Washington County, Colorado, with probate jurisdiction merges plaintiff's cause of further action on said note. And his cause of action on said note is extinguished in this court or the probate court of this county.

"Fourth, because the judgment rendered by the District Court of Washington County, Colorado, is a court of competent jurisdiction and all parties in interest are in court and same was rendered on the merits of this cause of action and is a bar to a future suit on the same cause of action in this court. As the judgment rendered on said note and cause of action is conclusive on plaintiff and the estate of the said Richard L. Phillips, deceased, and the said District Court of Washington County, Colorado, is a court of record and plaintiff's cause of action on the note is barred and he is estopped by said judgment."

The motion to dismiss and the plea in abatement were overruled;

and, upon the hearing of the cause in the Circuit Court of Harrison County, Missouri, judgment was rendered for the respondent against the executor of the estate of the deceased in Harrison County for the full amount of said note, together with interest thereon, in the total sum of $3294.66. From said judgment, the defendant executor, after unsuccessful motions for new trial and in arrest of judgment, appeals.

Upon this appeal, error is assigned by appellant as follows:

"I. The court erred in overruling defendant's motion to abate and dismiss the plaintiff's cause of action in Harrison Circuit Court.

"II. Because the court, sitting as a jury, in the trial of said cause in Harrison County, Missouri, did not consider that said note was merged in the judgment rendered in the State of Colorado and did not consider that there was privity of parties and that the judgment was based on the same cause of action as filed and tried in the State of Colorado.

"III. Because the court, sitting as a jury, did not consider that the matters of this controversy had been adjudicated in another cause of action in a similar court had been barred and extinguished and the note swallowed up in a former judgment.

"IV. Because the court, sitting as a jury, did not consider the judgment and decree of the District Court of the State of Colorado with probate jurisdiction was a bar to further action in any court on said note.

"V. Because the court, sitting as a jury, failed to give full faith and credit to the judgments of sister states."

The assignments will be disposed of together.

It seems to be well-settled law that, where one dies owning property in different states, administration may be had in each of the states dealing with the property of the estate having a local situs therein. Administration in the state where a person is domiciled at the time of his death is deemed the principal or primary administration and is ordinarily termed the domiciliary administration; and, in the state other than where he is domiciled where he has property, the administration sued out is termed ancillary or auxiliary. The administration in either state affects persons and things within that state only; and, both as to the administrator or the executor and the property confided to him, any judgment in another State is *res inter alios acta* and not even prima facie evidence of the debt. [Braithwaite v. Harvey, 27 L. R. A. 101, note 111, 14 Mont. 208; Rentschler v. Jamison, 6 Mo. App. 135; First Nat. Bank of Corning, Ark., v. Dowdy, 175 Mo. App. 478, 1. c. 486.]

The theory of the common law that privity as to creditors exists between executors of the same testator in different states, based upon the common law doctrine that an executor derives his authority from the will alone, does not prevail in those states (of which Missouri

is one) in which the authority of the executor is likewise deduced from his appointment by the court. [Woerner's American Law of Administration (3 Ed.) v. 1, pp. 550—555, 590.] In such states, the executor derives his title to his office from the law rather than the will (same authority last above cited, 1. c. 590); and there can, therefore, be no privity in such states between an executor appointed in one and an executor appointed in another.

As between administrators in different states or executors in different states or administrators in one state and executors in another state, the office in each respective state is wholly independent of the others; and, therefore, there can be no privity between any two. [Woerner's American Law of Administration (3 Ed.), v. 1, p. 550.]

It follows from this want of privity that the judgment obtained against an administrator or executor in one state furnishes no cause of action against the administrator or executor in another state so as to affect assets under the control of the other. [Woerner's American Law of Administration (3 Ed.) v. 1, p. 552.]

A judgment against an ancillary administrator cannot be made the basis of any cause of action against a domiciliary administrator or executor. [First Nat. Bank of Corning, Ark., v. Dowdy, supra, 1. c. 482; 2 Wharton on Conflict of Laws (3 Ed.), par. 629, p. 1382; Stacy v. Thrasher, 6 Howard 44; Braithwaite v. Harvey, supra.]

The administration in each state being independent, whether in the hands of the same or different administrators or executors, it is in no way impaired, abridged, or affected by either a previous or a subsequent grant of administration in another state. [Woerner's American Law of Administration (3 Ed.) v. 1, p. 550.]

The administration in each respective State is local to the jurisdiction of the State in which it is granted and is limited to the chattels having a particular situs in the State in which it is granted, independent of administration in any other State save that the origin and devolution of the property in each may be the same. [Woerner's American Law of Administration (3 Ed.) v. 1, p. 551.]

The powers of an administrator or an executor cannot extend beyond the boundaries of the State in which they were granted. Letters testamentary or letters of administration have no extraterritorial force. [McPike v. McPike, 111 Mo. 216, 20 S. W. 12; Emmons v. Gordon, 140 Mo. 490, 41 S. W. 998; Soudder v. Ames, 89 Mo. 496, 14 S. W. 525.]

An allowance or a judgment in a probate court is in the nature of a judgment in rem. It is against the property in the hands of the administrator or the executor in the State of his appointment and is not a personal judgment. [Johnson v. Kaster, 199 Mo. App. 501, 204 S. W. 196; Moody v. Peyton, 135 Mo. 482, 36 S. W. 621.]

It is said in Woerner's American Law of Administration (3 Ed.) v. 1, p. 582, that the general rule is that creditors may prove up in

any State whether the administration be ancillary or domiciliary, solvent or insolvent, or whether the creditors are residents or non-residents, subject only to the adjustment by the courts of the amounts received by them on their claims, either in the ancillary administration or the domiciliary.

The note sued on in Colorado so far as the executor in Harrison County, Missouri, and the estate of the deceased in said county in his hands are concerned was not merged in the Colorado judgment because the party administrator or executor to said judgment was not privy in blood, in law, or by estate with said executor; and it is still available as a basis of a cause of action against the executor in Harrison County, Missouri, for its allowance against the estate of the deceased in his hands.

We are not of the opinion that a failure to recognize the judgment of the district court of Washington County, Colorado, is a denial of the full faith and credit clause of the Constitution for the reason above stated, that the party administrator or executor to the judgment in question is not privy in blood, in law, or by estate to the defendant in this cause. [First Nat. Bank of Corning, Ark., v. Dowdy, supra.]

For the same reason, the general proposition asserted by the appellant to the effect that a fact or question which was actually an issue in a former suit and was there judicially passed upon and determined by a domestic court of jurisdiction is conclusively settled by the judgment therein so far as concerns the parties to such motion and persons in privity therein has no application here.

What we have said in this opinion disposes of all of the assignments of error and points made by the appellant, adversely to his contentions. The judgment of the circuit court was for the right party and should be and is affirmed. All concur.