33 Cal.App.2d 315 (1939)
In the Matter of the Guardianship of FANNIE ROLLINS WAITE, Incompetent. CROCKER FIRST NATIONAL BANK OF SAN FRANCISCO, Respondent,
v.
FANNIE ROLLINS WAITE (Alleged Incompetent), Appellant.
Civ. No. 11087. 
California Court of Appeals. First Appellate District, Division Two. 
June 12, 1939.
 Clarence E. Rust for Appellant.
 James E. Colston and Richard C. O'Connor for Respondent.
 Sturtevant, J.
 On September 2, 1938, the superior court made the order appealed from "In the Matter of the Guardianship of Fannie Rollins Waite, Incompetent", Civil *316 No. 11086 [fn. *] (Cal.App.) [19 PaCal.2d 617]), this day filed. Thereafter claims were presented to Crocker First National Bank of San Francisco as guardian of the estate of the incompetent. Later the guardian applied to the court for directions. After a hearing duly had the court made an order directing said guardian to pay the said claims. From that order the incompetent has appealed and has brought up the judgment roll only.
 [1] She contends that the trial court was without jurisdiction. That contention is based on the claim that when letters of guardianship were issued the incompetent took an appeal and as she claims said appeal suspended the powers of the guardian. The contention presents for consideration the construction of section 1631 of the Probate Code. It is as follows: "Effect of appeal. An appeal from an order appointing a guardian for an insane or incompetent person shall stay the power of the guardian, except that, for the purpose of preventing injury or loss to person or property, the court making the appointment may direct the exercise of the powers of the guardian, from time to time, as though no appeal were pending, and all acts of the guardian pursuant to such directions shall be valid, irrespective of the result of the appeal." It is at once apparent said statute provides that the stay arising by reason of an appeal in such a proceeding is not unlimited. Under certain circumstances "for the purpose of preventing injury or loss to person or property, the court making the appointment may direct the exercise of the powers of the guardian, from time to time, as though no appeal were pending, and all acts of the guardian pursuant to such directions shall be valid, irrespective of the result of the appeal". As the decree was made by a court of record the presumption is that the order appealed from was regularly made by the court acting within its jurisdiction. As the record does not show us what the circumstances were in the instant case prompting the trial court to make its order, this court is bound to assume that a proper set of circumstances was shown.
 The order appealed from is affirmed.
 Nourse, P. J., and Spence, J., concurred.
NOTES
[fn. *] *. In the case of Guardianship of Waite (Civ. No. 11086), a hearing was granted by Supreme Court on August 10, 1939.