[Civ. No. 13373.   Second Dist., Div. One.   Dec. 26, 1941.]

Estate of NELLIE E. WOODCOCK, an Incompetent Person.
NELLIE E. WOODCOCK, Appellant, v. VERNACE F.
SYLVESTER, Respondent.

Hugh G. Maddox for Appellant.

Roland Maxwell for Respondent.

SHAW, J. pro tem.—The appellant here is the incompetent person above named, and she appeals from the order appointing a guardian for her estate.  In support of her appeal she presents but two contentions.  ▮▮▮  The first is that at the time first fixed for hearing of the petition on which the guardian was appointed she did not appear in court nor was any physician's certificate of her inability to appear presented, and the court thereupon lost jurisdiction over her. As far as appears from the record, nothing was done at this time, except to continue the hearing to a later time.  At the later time appellant was present and the matter was heard and taken under submission.  Following the submission the order appointing a guardian was made.  While section 1461 of the Probate Code provides that the alleged incompetent person "must be produced at the hearing" on the petition for appointment of a guardian or physical inability of such person to attend must be evidenced by a physician's certificate, we

see nothing to require either of these alternatives to be complied with until the hearing actually proceeds. However, the point is not before us for decision. The record on appeal does not show the absence of the appellant at the time in question, and the order appointing a guardian recites that the petition "came on regularly to be heard." If appellant's presence was required at the time in question, we must presume that she was there or a sufficient excuse for her absence was shown. (*Guardianship of Waite* (1939), 33 Cal. App. (2d) 315 [91 Pac. (2d) 620].)

Appellant's other point is that before the petition was heard she placed all her property in the hands of a trustee to administer for her benefit, and therefore no guardian of her estate was necessary. But the fact referred to does not appear in the record; hence we cannot consider the argument based upon it.

The order appealed from is affirmed.

York, P. J., and White, J., concurred.