Williams, J.
 

 The sole question is whether the appellant, the city of East Cleveland, is liable for an admis-sions tax of three per cent upon the service fees collected for the use of the swimming pool in Shaw park.
 

 The admissions tax during the period for which the
 
 *495
 
 tax is sought to be .collected was regulated by the following provisions of the General Code:
 

 Section 5544-1. “As used in this act:
 

 “ ‘Person’ includes individuals, firms, partnerships, associations, corporations, municipalities and other political subdivisions of the state. * *
 
 *”
 

 Section 5544-2. “For the purpose of providing revenues * * * there is hereby levied:
 

 “ (1) A tax of three per centum on the amounts received for admission to any place, including admission by season ticket or subscription. * * *
 

 Section 5544-3. “No tax shall be levied under this act with respect to:
 

 “ (1) Any admissions, all the proceeds of which inure “(a) Exclusively to the benefit of religious, educational or charitable institutions, societies or organizations, societies or organizations for the prevention of cruelty to children or animals or societies or organizations conducted for the sole purpose of maintaining symphony orchestras and receiving substantial support from voluntary contributions, or of improving any municipal corporation or of maintaining a cooperative or community center moving picture theatre, or swimming pool — if no part of the net earnings thereof inures to the benefit of any private stockholder or individual * *
 

 Section 5544-5, General Code, requires “every person receiving any payments for admissions, dues or fees taxable under this act” to make and file returns and pay the admissions tax.
 

 There can be no doubt that the service fees received for entrance into and use of the swimming pool were admissions within the meaning of the statutes, and that the amount of such admissions is subject to an admissions tax of three per cent, unless exempted. It has been stated as a generally accepted rule that “municipal ownership of property offers no impediment to
 
 *496
 
 taxation if that is provided for by law.”
 
 City of Cincinnati
 
 v.
 
 Lewis, Aud.,
 
 66 Ohio St., 49, 63 N. E., 588. An excise may be imposed upon a municipality by statute in the absence of a constitutional inhibition. In this respect an admissions tax, which is an excise, is like a property tax.
 

 Section 5544-3 makes provision for the exemption of societies and organizations under certain circumstances, but does not mention a municipality as such. Yet, a municipality is an organization as much as any individual, combination of individuals or entity coming within the term “person,” as defined in Section 5544-1. If the construction put upon the statutes by the Board of Tax Appeals is to prevail, a private organization that operates a swimming pool under such circumstances as to be exempt from payment of the tax would be favored over a municipality that maintains a pool under the same circumstances. A classification of that character would have no rational basis and would result in a palpable absurdity — the exemption of the private organization and the taxation of the municipality. Such a construction would work an unjust discrimination and' deny the equal protection of the laws to which the municipality as a “person” is entitled.
 

 It is an accepted canon of construction that, where a statute is susceptible of two interpretations, one of which will preserve its constitutionality and the other not, the courts will construe the enactment so as to save its validity. The construction which the taxing authorities approved and adopted herein followed the letter of the law regardless of consequences. There is another construction of the statute which will effect its purpose, preserve its constitutionality and avoid any absurd result. This construction follows the spirit of the law and recognizes that a municipality is an organization entitled, by virtue of Section 5544-3 to exemption from payment of the admissions tax in the
 
 *497
 
 operation of a swimming pool to the same extent as any other organization. This court adopts this construction.
 

 Since the material facts are uncontroverted and no conflicting inferences arise therefrom, a question of law only is presented. The appellant, the city of East Cleveland, is entitled to exemption from payment of the admissions tax of three per cent on the amounts received for admission to the swimming pool. Accordingly, the decision of the Board of Tax Appéals is reversed and final judgment entered in favor of the appellant.
 

 Decision reversed and final judgment for appellant.
 

 Weygandt, C. J., Zimmerman and Turner, JJ., concur.
 

 Bell, Matthias and Hart, JJ., concur in the judgment.