**BECKER, Guardian, Appellee, v. BECKER et, Appellant.**

Ohio Appeals, Ninth District, Summit County.

No. 4269.   Decided July 2, 1952.

D. H. Schaffner, Paul E. Weimer, Akron, for the motion.
Stanley Denlinger, Akron, contra.

### OPINION

Per CURIAM:

Where an appeal on questions of law and fact is filed in an action which is not properly so appealable, and the appellees do not seek by motion to dismiss such appeal and have the case retained as an appeal on questions of law only, this court may, sua sponte, dismiss such appeal on questions of law and fact and retain the case on questions of law only. Walkovic v. Abood, Case No. 4105, Summit County (unreported), decided June 28, 1950.

This appeal, although taken on questions of law and fact, is properly only an appeal on questions of law, and will be so considered by this court.

Peter Becker was appointed, by the Probate Court of Summit County, Ohio, the guardian of the person and the estate of his wife, Minnie Becker, an incompetent. Some time after such appointment, the guardian filed in the Probate Court a petition to sell real estate owned by his ward. The court found that "it is for the best interests of said ward that said premises be sold as prayed for in plaintiff's petition," and further ordered that "a new appraisement must be made of said * * * real estate."

Ralph Clipper, the stepson of the guardian and son of Minnie Becker, excepted to said order, and filed a notice of appeal to this court. After such appeal was filed, the ward,

Minnie Becker, died. Counsel for appellee, Peter Becker, then filed a motion to dismiss the appeal on the ground that the question raised therein had become moot.

Sec. 10510-6 GC, provides when a guardian may sell the real estate of his ward. The succeeding sections of the General Code provide the manner in which proceedings may be carried on to complete such sale. Sec. 10510-31 GC, provides, where a new appraisement has been ordered, that, upon its approval by the Probate Court, the guardian shall give a new bond, or, in certain cases, the court may order that the bond originally given in the guardianship matter may be deemed sufficient in the proceedings to sell such real estate. Sec. 10510-34 GC, provides that when such bond is filed and approved by the court, an order of sale of the real estate shall issue.

It is therefore readily apparent that the judgment now under consideration was only a determination of the necessity to sell and not the authority to sell such real estate. The guardian was required, and the court was required, to take further steps before a sale could lawfully be consummated.

When Minnie Becker died, the authority, duty and power of the guardian ceased. The guardianship was at an end, except for the obligation imposed on the guardian to account for the property of the ward.

"1. The death of the ward terminates the guardianship, and the guardian has no further authority or control over the personal estate remaining in his hands except to safely keep and deliver the same to the personal representative." Sommers v. Boyd, Treas., 48 Oh St 648.

"The guardianship terminated upon the death of the ward; and, thereafter, the guardian was without authority to do any act which could affect, or be binding upon the estate." Sommers v. Boyd, Treas., supra, at p. 659. See also: Simpson, et al. v. Holmes, Admr., et al., 106 Oh St 437.

We therefore determine that, since the authority of the guardian to continue the proceedings to sell real estate ceased at the time of the death of his ward, the question herein has become moot, and the appeal should be dismissed. See: Hagerman, Director, v. City of Dayton, 147 Oh St 313.

Motion granted and the appeal ordered dismissed.

HUNSICKER, PJ, DOYLE, J, STEVENS, J, concur.