In re Guardianship of Kreitzer: Kelly, Appellant, *v.* Smith et al., Cross-Appellants.

[Cite as Kelly v. Smith, 7 Ohio App. 2d 142.]

(No. 1030—Decided May 12, 1964.)

*Mr. William E. Shirk,* for appellant.
*Mr. James R. Goslee,* for cross-appellants.

GUERNSEY, J.   On November 14, 1960, one Helen E. Lakin, as guardian of the estate and person of Mary A. Kreitzer, filed her complaint in the Logan County Probate Court under the provisions of Section 2109.50 *et seq.*, Revised Code, alleging that she had been appointed guardian on August 12, 1960, and that she had good cause to suspect that Nellie M. Smith and Ralph Smith have "concealed or conveyed away or are or have been in possession of monies, chattels or choses in action belonging to said ward's estate." The first item claimed concealed was "the sum of $7,000 plus interest thereon at the rate of 6% per annum from the 20th day of August, 1958." Other items described in the complaint and in an amendment thereof made during trial are not herein involved, for the trial court did not find any of them to be concealed, and neither the appellant nor the cross-appellants assign error as to the trial court's judgment with respect to the other items.

Before trial of the complaint Mrs. Kreitzer died, and on January 15, 1963, John B. Kelly, as the executor of her estate, was ordered substituted as party in interest in place of the guardian, Helen E. Lakin, in all matters pertaining to the complaint.

Trial was had to the court without a jury. Upon the commencement thereof Smiths' counsel represented to the court that Ralph Smith was confined in a hospital under constant medical care, that he had had a series of strokes and was both physically and mentally incompetent, although he had not been adjudicated so. Counsel not objecting to proceeding in the absence of Smith, the court, *sua sponte*, appointed one of his counsel as his trustee for the suit.

Although Mrs. Smith acknowledged during trial that in August of 1958 Mrs. Kreitzer, while living with the Smiths and two years before a guardian for her had been appointed, advanced $7,000 to the Smiths to pay a debt of theirs about which Smith had been worried, she claimed that this advance was made as a gift and in consideration of their care of Mrs. Kreitzer. However, she also testified that from that time until the appointment of a guardian the Smiths paid Mrs. Kreitzer interest in semiannual installments of $140 each. Except to such extent there was no evidence adduced during the trial that from such transaction the Smiths were in any manner

obligated to Mary A. Kreitzer, her guardianship estate, or her estate upon her decease, nor was any evidence adduced that the Smiths, or either of them, had ever executed any document in favor of Mrs. Kreitzer evidencing an obligation.

After the executor had rested his case, Smiths' counsel moved for dismissal of the complaint on the ground that there was no evidence to sustain its allegations, which motion was granted. Thereupon, Smiths' counsel presented to the court and tendered to the executor an instrument dated September 1, 1958, signed by Ralph W. Smith, and purporting to be a promissory note payable to the order of Mary A. Kreitzer in the principal amount of $7,000, with interest thereon at 4 per cent per annum payable semi-annually, and also tendered to the executor certain checks purporting to be in payment of interest for the period of time extending from the last date for which interest had been paid to the date of the death of Mary A. Kreitzer. On the reverse of the note appears the following typewriting:

"Consideration being the care, keep and looking after the payee. Interest to be paid semi-annually, and the principal of $7,000 at the demise of payee, to be cancelled."

Mr. Goslee, of counsel, admitted knowledge of the note's existence only from the time that the complaint was filed and observed to the court that he questioned that the note was an asset of the estate of the deceased. Mr. Dabbelt, of counsel, stated that he had prepared the note, that it had been missing, and that he did not know until "sometime since the first of the year, that she [Mrs. Smith] had found the note." Mrs. Smith admitted knowledge of the note's existence but said that she had not testified thereto because she had not been questioned as to its existence, that the whole transaction had been between her husband and Mrs. Kreitzer, and that "if he were here he could tell you."

Faced with this turn of events the court entered its judgment, which in pertinent parts, reads as follows:

"After evidence was adduced concerning said complaint, respondent moved to dismiss the complaint and charges therein. The court being fully advised in the premises found said motion well taken. It is therefore the finding, order and decree of the court that the complaint herein is dismissed.

"Whereupon, counsel for respondents presented to the court a note in the original amount of seven thousand ($7,000.00) dollars. Upon receipt of said note the court modified its previous order and found that the respondents were guilty of concealing the $7000.00 note.

"The court then ordered the executor of the estate of Mary A. Kreitzer to pursue all legal remedies against the respondent on behalf of the estate.

"Furthermore, the court, upon motion of the complainant, ordered continued the injunction of October 31, 1960, against said respondents, enjoining them from transferring or encumbering their real and personal property, pending further order of this court."

It is from this judgment that the complainant-executor has appealed and the Smiths have filed a cross-appeal, now reduced to and being considered as appeals on questions of law. The executor claims that the court erred as a matter of law (1) in dismissing the complaint in the face of its finding and judgment of guilty, and (2) in failing to render judgment for the value of the note together with a ten per cent penalty. The cross-appellants assign error of the court (1) in failing to find cross-appellants not guilty, (2) in continuing the restraining order, and (3) in failing to dismiss the proceedings upon the submission of all the evidence.

This case involves the application of Sections 2109.50 and 2109.52, Revised Code, which, in pertinent parts, provide as follows:

Section 2109.50. "Upon complaint made to the Probate Court of the county having jurisdiction of the administration of a trust estate * * * by a person interested in such trust estate * * * against any person suspected of having concealed, * * * or conveyed away or of being or having been in the possession of any * * * choses in action of such estate, said court shall by citation * * * compel the person or persons so suspected to forthwith appear before it to be examined, on oath, touching the matter of the complaint. * * *"

Section 2109.52. "When passing on a complaint made under Section 2109.50 of the Revised Code, the Probate Court shall determine, by the verdict of a jury if either party requires it or without if not required, whether the person accused is

guilty of having concealed, * * * conveyed away, or been in the possession of moneys, chattels, or choses in action of the trust estate. If such person is found guilty, the Probate Court shall assess the amount of damages to be recovered or the court may order the return of the specific thing concealed * * * or may order restoration in kind. * * * In all cases, except when the person found guilty is the fiduciary, the Probate Court shall forthwith render judgment in favor of the fiduciary * * * against the person found guilty, for the amount of the moneys or the value of the * * * choses in action concealed, * * * conveyed away, or held in possession, together with ten per cent penalty and all costs of such proceedings or complaint; except that such judgment shall be reduced to the extent of the value of any thing specifically restored or returned in kind as provided in this section.

"* * * ."

The Supreme Court has, on a number of occasions, interpreted these statutes and declared that they provide a summary inquisitorial proceeding to recover specific property or the proceeds thereof belonging to a trust estate, title to which was in a decedent at his death or in a ward when his guardian was appointed, or to recover property, belonging to a trust estate, concealed, taken or disposed of after the appointment of a fiduciary. Resort may not be had to these sections to collect a debt due a decedent, to obtain an accounting and judgment for any balance found due, or to adjudicate rights under a contract. *Goodrich, Admr.,* v. *Anderson,* 136 Ohio St. 509; *In re Estate of Black,* 145 Ohio St. 495; and *In re Estate of Leiby,* 157 Ohio St. 374.

Considering the literal terms of the statutes, the foregoing decisions of the Supreme Court, and the peculiar factual situation herein it is readily apparent why counsel and the court were confronted with a dilemma. Counsel for the complainant had good reason to believe that a debt, or chose in action, existed but had no documentary proof of same, and complainant's evidence offered was likewise so limited. Counsel for the Smiths might have concluded, with some reason, that the note, if ever delivered, constituted evidence of a debt to Mrs. Kreitzer during her lifetime which was extinguished by her death. This could not be conclusively determined without a full trial of the

issues by a court of competent jurisdiction, which would require the adjudication of rights under a contract not within the scope of the jurisdiction of the Probate Court in this summary proceeding. The court could not comply with the literal terms of the statute and "assess the amount of damages to be recovered" or render judgment for "the value of the * * * choses in action concealed" "together with ten per cent penalty" without first determining value, which again would require the adjudication of rights under a contract. Of similar difficulty is the execution of the literal requirement of the statute that "such judgment shall be reduced to the extent of the value of any thing specifically restored." Nor could counsel, in trying the case, and the court, in entering its judgment, do so without full consideration being given to the limitations on counsel's authority, the limitations on the presentation and scope of the evidence, and the limitations on the court's authority, created and existing by reason of the alleged mental incompetency of Mr. Smith who was the sole maker of the note.

We do not, however, approve of the failure of the Smiths and their counsel to disclose to the executor the existence of the note at some earlier time. Any suggestion of nondelivery of the obligation at the time of its execution is discounted by the payment of interest thereon prior to the guardianship and the tender of interest thereon thereafter. The worst which could occur to the Smiths from immediate disclosure of the existence of the note would be the enforcement of their obligation, if any, in accordance with the terms thereof. Any conscious effort to evade such obligation constitutes somewhat less than fair dealing on the part of the obligor.

Nevertheless, such failure to disclose does not, on the facts peculiar to this case, necessarily give to the executor a cause of action. On these facts we are of the opinion that counsel and the Probate Court have overlooked a matter which was crucial to the issues before the court and which is entirely dispositive of all of the assignments of error on this appeal, specifically, the substitution of the executor of the estate of Mrs. Kreitzer for the guardian of her estate in whose name the complaint was originally filed.

There is no doubt of a guardian's right to initiate a complaint under the provisions of Section 2109.50, Revised Code,

respecting the concealment of assets of the estate of his ward, and there likewise is no doubt that an executor has a similar right under the provisions of the same section respecting the concealment of assets of the estate of his decedent. It does not follow, however, that where there is an identity of ward and deceased there is also an identity of the respective estate of the ward and deceased. The factual situation here highlights this point, for a chose in action belonging to the estate of a ward might be extinguished on or before the ward's death and never become a part of the estate to be administered by the deceased ward's executor. Section 2109.50 is specific in that it gives "a person interested in such trust estate" the right to make complaint "against any person suspected of having concealed * * * choses in action *of such estate.*" Upon the death of a ward the guardianship is terminated and the guardian has no further authority or control over the personal estate remaining in his hands except to safely keep and deliver the same to the personal representative whose title in same vests immediately when administration is granted and, by relation, dates back to the time of the decease. *Simpson* v. *Holmes, Admr.*, 106 Ohio St. 437, and *Sommers* v. *Boyd, Treas.*, 48 Ohio St. 648. See, also, *Becker, Gdn.,* v. *Becker*, 69 Ohio Law Abs. 414. As the guardianship is terminated by death of the ward, the trust estate is terminated at such time, except for winding up by the guardian. As an executor's title relates back only to the moment of death, he cannot be a person interested in the trust estate of the guardianship existing only theretofore, and his right to make complaint, or cause of action, is not as successor to or transferee of the guardian's right to make complaint, or cause of action, but is separate from and independent thereof. Although Section 2109.52, Revised Code, gives the Probate Court jurisdiction to determine questions of title relating to the assets for which a complaint of concealment has been filed, these questions of title would be as between the trust estate and the respondents and the questions of title existing between the guardianship estate and the respondents, on the facts of this case, are vastly different questions than those existing between the testamentary estate and the respondents.

As stated in 67 Corpus Juris Secundum 1075, **Parties**, Section 85 b. (1):

"A substitution of parties plaintiff is permissible where it does not effect a change in the cause of action and where the party substituted bears a relation to the original plaintiff and to the action.

"In the absence of statutory provision an entire change of parties plaintiff by substitution, in effect amounting to change of the cause of action, will not be permitted. * * *"

Finding no statute in Ohio permitting the substitution herein involved, we are of the opinion that the trial court committed error in so doing and in proceeding to any judgment thereafter except dismissal of the complaint. For such error all that part of the judgment except that relating to the dismissal of the complaint is reversed and vacated.

*Judgment accordingly.*

MIDDLETON, P. J., and YOUNGER, J., concur.