OPINION
Michael L. Mogul ("appellant") appeals from the judgment of the Trumbull County Court of Common Pleas, Probate Division, overruling his exceptions to the inventories filed by the guardian of the estate of Rose G. Mogul.
On March 12, 1996, the probate court appointed the Mahoning National Bank as the guardian of the estate only of Rose Mogul, who was found incompetent by reason of mental disability. Alvin Weisburg was appointed the guardian of Rose Mogul's person. On August 30, 1996, the Mahoning National Bank filed a partial inventory of Rose Mogul's real and personal estate. On April 7, 1998, the Mahoning National Bank filed an amended inventory of the real and personal estate of the ward. At some point in the proceedings, the Sky Financial Group, Inc. purchased the Mahoning National Bank and became guardian of Rose Mogul's estate. On January 29, 2001, Rose Mogul died and her estate subsequently was filed with the probate court. On June 29, 2001, appellant filed exceptions to the partial inventories filed in her guardianship estate by Sky Financial Group. On July 16, 2001, appellant amended his exceptions and requested an oral hearing. On July 19, 2001, the probate court overruled the exceptions, finding the inventory was filed on August 30, 1996, and noting the date of the ward's death. Appellant has appealed from this ruling.
Appellant assigns the following errors for review:
 "[1.] The Trumbull County Court of Common Pleas, Probate Division committed prejudicial reversible error in refusing to protect the status quo by holding in abeyance its hearing on next of kin-appellant's exceptions filed in 2001 to items added by amendment in 1998 to guardian-appellee's 1996 partial inventory ten (10) months after the ownership of these items had been earlier placed in issue in 1997 by next of kin-appellant's conversion and quiet title claims in a pending action in The Trumbull County Court of Common Pleas, General Division under the doctrine of lis pendens.
 "[2.] The Trumbull County Court of Common Pleas, Probate Division committed prejudicial reversible error in overruling next of kin-appellant's exceptions when the guardian-appellee had yet to file or designate it had filed a full inventory under 2109.58, 2114.14(A).
 "[3.] The Trumbull County Court of Common Pleas, Probate Division committed prejudicial reversible error and lacked jurisdictional power to overrule next of kin-appellant's exceptions when the guardian-appellee had yet to file or designate it had filed a full inventory under 2109.58, 2114.14(A).
 "[4.] The Trumbull County Court of Common Pleas, Probate Division committed prejudicial reversible error and denied next of kin-appellant due course of law and due process of law when without setting a hearing or affording next of kin-appellant a meaningful opportunity to present his objections and to protect his substantial rights it summarily overruled next of kin-appellant's exceptions when the guardian-appelllee had yet to file or designate it had filed a full inventory under 2109.58, 2114.14(A).
 "[5.] The Trumbull County Court of Common Pleas, Probate Division committed prejudicial reversible error and exceeded its jurisdiction when it ruled a deceased's estate had been opened for the ward under R.C. 2107.26 when there was no lost, destroyed or spoliated will of the ward."
Appellant's assignments of error will be discussed together because appellant has neglected to separately argue his assignments of error and the assignments of error involve similar issues of law. In his argument, appellant objects to Sky Financial Group's acceptance of fifty thousand dollars ($50,000) from the estate of Rose Mogul's husband in settlement of claims that Rose Mogul improperly withdrew monies from a joint tenancy with right of survivorship account. Appellant asserts Sky Financial Group wrongly included his share of the monies in the guardianship inventory. Appellant maintains Sky Financial Group's act of filing a partial inventory, in 1996, was void because it had not filed a written acceptance of its financial duties. Appellant also objects to the inclusion of his home in the inventory. Appellant claims his exceptions were filed in a timely manner because Sky Financial Group had not filed a full inventory. Appellant further asserts he was denied due process in the proceedings below.
Appellant did not file his exceptions until six months after his mother's death. It is well-settled that the death of the ward terminates any guardianship proceedings by operation of law. The guardian's duties and powers end upon the ward's death. The guardian's sole duty following the demise of the ward is to render an account of his guardianship up to the date of the ward's death. The personal representative of the deceased then takes over the incompetent's affairs. Simpson v. Holmes (1922),106 Ohio St. 437. Because the administrator's title relates back to the moment of death, the administrator of the estate, and not the former guardian, is the proper person to deal with the ward's estate. Sommersv. Boyd (1891), 48 Ohio St. 648; Kelly v. Smith (1964), 7 Ohio App.2d 142. The appointment of an executor or administrator requires a separate application to the probate court. See R.C. 2113.07.
Upon Rose Mogul's death, the guardianship of Sky Financial Group terminated by operation of law. Any claims appellant has with regard to items included in the estate must be filed with the administrator or executor of her estate. Sky Financial Group's only obligation following the death of the ward was to give an account of the estate up to the date of death. The probate court correctly overruled appellant's exceptions against the guardian of his mother's estate as that guardianship ended well before the exceptions were filed. Appellant's first, second, third, fourth, and fifth assignments of error are overruled. The judgment of the Trumbull County Court of Common Pleas, Probate Division, is affirmed.
JUDGE DONALD R. FORD, JUDGE DIANE V. GRENDELL.