JOURNAL ENTRY AND OPINION
{¶ 1} Catherine M. Brady ("Catherine"), the daughter of Nora T. Brady and appellant herein, appeals the judgment of the Cuyahoga County Court of Common Pleas, Probate Division, that dismissed her complaint for concealed or embezzled assets under R.C. 2109.50. For the reasons that follow, we affirm.
 {¶ 2} In October 2003, Catherine instituted the within action against her sister and brother-in-law, Roseann Brady Benzing and William Benzing, seeking to recover assets in excess of $100,000 that Catherine alleges are in their possession or that they "conveyed away." Catherine also named as defendants several creditors of the Benzings as "holders in possession" of most of these funds.
 {¶ 3} In November 2003, the probate court sua sponte dismissed Catherine's complaint, concluding it had no jurisdiction to issue any citation under R.C. 2109.50. It further found that Catherine "is not an interested party with legal standing to bring this action" because the probate court appointed attorney John F. McCaffrey as guardian of Nora's estate in January 2002 and that McCaffrey is pursuing an action in the common pleas court for the recovery of these funds.[1]
 {¶ 4} Catherine has appealed the trial court's decision, raising three assignments of error, all of which challenge the trial court's dismissal of her complaint. As an initial matter, we shall review the trial court's determination that Catherine is not an "interested party" under R.C. 2109.50 and is without legal standing to bring this action.
 {¶ 5} R.C. 2109.50 provides in relevant part:
{¶ 6} "Upon complaint made to the probate court of the countyhaving jurisdiction of the administration of a trust estate* * *, by a person interested in such trust estate * * * againstany person suspected of having concealed, embezzled, or conveyedaway or of being or having been in the possession of any moneys,chattels, or choses in action of such estate, said court shall bycitation * * * compel the person or persons so suspected toforthwith appear before it to be examined, on oath, touching thematter of the complaint."
 {¶ 7} A proceeding that is instituted under R.C. 2109.50 is a special statutory proceeding for the discovery of concealed or embezzled assets of an estate. Rinehart v. Bank One, Columbus,NA (1998), 125 Ohio App.3d 719, 732. The proceeding is of a summary and inquisitorial character that is quasi-criminal in nature. Id. The purpose of the proceeding is "to facilitate the administration of estates by providing an expeditious means for bringing into such estates those assets that rightfully belong to the estate." Id. at 732. Moreover, the purpose of the statute is "not to furnish a substitute for a civil action to recover a judgment for money owing to an administrator, but rather to provide a speedy and effective method for discovering assets belonging to the estate and to secure possession of them for purposes of administration." Id. citing Goodrich v. Anderson
(1940), 136 Ohio St. 509 (construing predecessor statute). Furthermore, despite the quasi-criminal nature of the proceedings, the Ohio Rules of Civil Procedure are applicable to proceedings under R.C. 2109.50. Id.
 {¶ 8} In this action, Catherine filed the complaint with regard to the guardianship of Nora T. Brady "by and through Catherine M. Brady, interested person in the guardianship." However, Catherine does not raise any real interest in the subject matter of the action. The complaint alleges that the Benzings stole $100,000 from the guardianship of Nora T. Brady and that the various creditors are "holders in possession" of the stolen money. Since Catherine is not the legal guardian for Nora and has no direct interest in the money, she has no legal right to maintain this action. See In re Estate of Wilson (Jan. 12, 1995), Cuyahoga App. No. 67566.
 {¶ 9} Further, an application of the Civil Rules to this special statutory proceeding requires a finding that Catherine has no standing to maintain this action. Civ.R.17 specifically deals with representation of incompetent persons and provides:
{¶ 10} "Whenever a minor or incompetent person has arepresentative, such as a guardian or other like fiduciary, therepresentative may sue or defend on behalf of the minor orincompetent person. If a minor or incompetent person does nothave a duly appointed representative the minor may sue by a nextfriend or defend by a guardian ad litem. When a minor orincompetent person is not otherwise represented in an action thecourt shall appoint a guardian ad litem or shall make such otherorder as it deems proper for the protection of such minor orincompetent person."
 {¶ 11} Under this rule, Nora's guardian is the legal representative who may bring an action on behalf of Nora's interest. In the case of In re Estate of Wilson, supra, we addressed a similar issue with respect to a claim brought under R.C. 2109.50 by a grandmother on behalf of her minor granddaughter. In that case we held as follows:
{¶ 12} "Here, a review of appellant's complaint forconcealment of assets as well as her motion for accounting andrestitution of social security death benefit[s] demonstrates thatappellant was attempting to bring an action on behalf of hergranddaughter, Charlotte Wilson. It is undisputed that a legalguardian has the right to initiate a complaint on behalf of aminor pursuant to R.C. 2109.50 respecting the concealment ofassets of the estate for which the minor has a legal right.Kelly v. Smith (1964), 7 Ohio App.2d 142, 219 N.E.2d 231.However, appellant is not and has never been Charlotte Wilson'slegal guardian. In fact, the probate court, when faced withappellant's application to become guardian of Charlotte Wilson,instead chose Nora O'Banner as the guardian of CharlotteWilson."
 {¶ 13} Id.
 {¶ 14} Although this case involves an incompetent person instead of a minor, the same principles apply. It is the legal guardian who has the right to initiate a complaint under R.C.2109.50 on behalf of an incompetent person or their estate, in order to recover assets belonging to the estate. As a result, Catherine does not have standing to maintain this action. Her assigned errors are moot. App.R. 12(A)(1)(c).
 {¶ 15} We note that in her brief and at oral argument, Catherine challenged the appointment of Edward Brady as guardian of the person of Nora Brady. Specifically, Catherine claims the Standard Probate Form 15.1, waiver of notice and consent, obtained for the appointment did not comport with the requirements of Civ.R. 73(H), Sup.R. 51, and Sup.R. 52.[2]
Catherine also states that she had no notice of the guardianship proceeding. We are without jurisdiction to review these issues, since they arise from a separate and distinct action. Moreover, our review is limited to a review of the judgment designated in the notice of appeal. Brady v. Benzing, Cuyahoga App. No. 81894, 2003-Ohio-3354. This matter relates to the dismissal of Catherine's complaint for concealed or embezzled assets under R.C. 2109.50, and our review is limited thereto. For the same reasons, we will not consider Catherine's challenge to the purported settlement reached in CV-462917.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court, Probate Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Karpinski, J., concur.
[1] Catherine previously acted as attorney-in-fact for her mother under a durable power of attorney executed by Nora. In that capacity, she filed a complaint in the common pleas court for conversion against these same defendants, captioned Brady v.Benzing and assigned case number CV-462917. McCaffrey revoked the power of attorney and was substituted for Catherine as a party. McCaffrey had been appointed guardian of the estate after the probate court declared Nora incompetent. See Brady v.Benzing, Cuyahoga App. No. 81894, 2203-Ohio-3354; see, also,Brady v. Hickman Lowder, Co., LPA, Cuyahoga App. No. 82461, 2003-Ohio-5649.
[2] Civ.R. 73(H) provides in part: "Forms used in proceedings in the probate division of the courts of common pleas shall be those prescribed in the rule applicable to standard probate forms in the Rules of Superintendence. Forms not prescribed in such rule may be used as permitted in that rule."
Sup.R. 51 prescribes the format, content and use of standard probate forms, including forms 15.1, waiver of notice and consent, and 17.1, statement of expert evaluation.
Sup.R. 52 provides specifications for printing probate forms.