## JOSEPH E. MOORE

### Appellant From Decree of Judge of Probate.

### Knox.   Opinion July 1, 1914.

*Account. Commissions. Fraud. Guardian. Investments. Petition. Reopening of Account. Trust.*

1.  Guardians, like other trustees, are required to exercise the utmost good faith in all matters pertaining to their employment.

2.  In settlement with their wards and in accounting to the Court, it is their duty to make full disclosure of all facts and circumstances necessary to a complete and full understanding by either, of the business in hand, and failure to do so is a breach of the trust which has been held to be fraudulent.

3.  Neither the knowledge of the succeeding guardian, if such he had, not his failure to take action, if he had knowledge, can affect the rights of the ward in the premises.

4.  When no time is specified by statute within which a settlement may be opened for fraud or mistake, it must depend on the sound discretion of the court.

5.  When a guardian has been guilty of wrong doing in the management of the estate of the ward, or the latter has suffered by reason of the guardian's neglect of duty, commissions will be refused.

On report. Case remanded to the Supreme Court of Probate of Knox County for further action in accordance with this opinion.

This is a petition by Albert T. Gould to the Probate Court for the County of Knox, asking that the final account of Joseph E. Moore as the guardian of him, said Albert T. Gould, be reopened and certain sums credited to said Moore, in his said account disallowed, and an account taken of what is now due the petitioner for principal and interest on the same. Upon a hearing on the said petition, it was decreed that said petition be granted and that said account be reopened. From this decree, the said Moore appealed to the Supreme Court of Probate. At the conclusion of the evidence, the case was reported to the Law Court for determination, upon so much of the evidence as is legally admissible.

The case is stated in the opinion.

*Arthur S. Littlefield, and Rodney I. Thompson,* for appellant.

*Alan L. Bird, and Norman L. Bassett,* for Albert T. Gould, the appellee.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, KING, BIRD, PHILBROOK, JJ.

BIRD, J. This is the petition of Albert T. Gould to the Probate Court of Knox County to open the account therein denominated "final" of the appellant as guardian of the petitioner and disallow sundry items of credit therein allowed the guardian, upon the ground that their allowance was obtained by fraud upon the court and also for disallowance of the guardian's commissions. The petition was sustained in the Probate Court, the account opened and the items in question and the commissions disallowed and the account restated. The guardian appealed from the decree of the Probate Court and the case is here upon report from the Supreme Court of Probate.

It would seem clear that the account is to be regarded as final, although perhaps informal: See *Mattocks* v. *Moulton,* 84 Maine, 545, 549; Pub. Laws, 1830, Chap. 470, Sec. 10; R. S., 1841, Chap. 110, Sec. 29; R. S., 1903, Chap. 69, Sec. 22; Id. Sec. 10; *Emery* v. *Batchelder,* 132 Mass., 452, 453.

It is not seriously questioned by appellant that the use made of the moneys of the ward forming the items of credit the dis-

allowance of which is asked, made them improper investments, if such they may be called, of trust funds not only from the nature of the use made (*Mattocks* v. *Moulton*, 84 Maine, 545) but from the relation of the guardian to the property to which they were applied. Without considering at present the nature of the items, it is sufficient to say that the application of the moneys covered by the items in question was manifestly improper and such as would render the guardian liable for all losses arising therefrom.

The petitioner was born January 9, 1885, and appellant was appointed his guardian by the Probate Court of Knox County in July, 1891. His resignation as guardian was accepted at a term of the same court held on the third Tuesday of March, 1896. The minor having removed to the State of Ohio, one George Hardy, of Columbus, Franklin County, Ohio, was appointed his guardian on the twelfth day of September, 1896. A certificate of his appointment was thereafter filed in the Knox County Probate Court. The final account of appellant, which was allowed in December, 1898, contains this item of credit:—

"Nov. 11 (1896) Amount transferred to Geo. Hardy, Gdr. Assets of estate turned over to Gdr———$10,660," the account indicating that this item of credit was supported by voucher 23. This voucher is a receipt given by the succeeding guardian to the former guardian for sundry "evidences of property and securities." Among these are included the following:—

"Note of Henry Trowbridge, Nov. 24, 1891, for $400.

Cert. of H. Trowbridge, Denver, Col. as to loan of $1900. April 17, 1893.

Cert. of H. Trowbridge, Denver, Col. as to loan of $600. Feb. 27, 1893"

No values however were carried out against these items in the account as filed but at the time the account was settled, the face values were carried out against each item of the receipt and their aggregate inserted in the account by the accountant. By so doing he represented the face values to be the cash values and we find nothing in *Mattocks* v. *Moulton*, 84 Maine, 545, which militates against this view. To investigate the character of investments upon the allowance of a guardian's account is clearly within the duty of the Probate Court: *Brigham* v. *Morgan*, 185 Mass., 27, 44, 45.

It is true that it probably sufficiently appears upon the face of the account that these three items were investments without security and also that they were made beyond the jurisdiction of the court. The former infirmity renders the accountant responsible for all losses thence arising, *Mattocks* v. *Moulton*, 84 Maine, 545, and the latter, except under peculiar circumstances nonexistent in the case at bar, also subjects him to the peril of responsibility for the safety of the fund: *Ormiston* v. *Olcott*, 84 N. Y., 339, 344; *Amory* v. *Green*, 13 Allen, 413, 415; 1 Perry on Trusts, Sec. 452. We do not find, however, that the accountant made a disclosure of his personal relations to these so called investments and it by no means follows that, had such been made, they would have been allowed. Indeed, upon the evidence, we are warranted in the conclusion that they would not have been and that their allowance was procured by a suppression of material facts.

The petitioner attacks the further credit item of the account "1894 June 16 Pd H. Trowbridge Acct. Denver loan $593.88." This item was not submitted to the Probate Court as an item of investment. It is a claim of credit for moneys expended for the benefit of the ward's estate. It was applied to preserve the so called investments of $600 and $1900 already considered. It is sufficient to say that our conclusion as to this item must be the same as that arrived at respecting these so called items of investment.

Guardians, like other trustees, are required to exercise the utmost good faith in all matters pertaining to their employment. In settlement with their wards and in accounting to the court, it is their duty to make full disclosure of all facts and circumstances necessary to a complete and full understanding by either of the business in hand. Failure to do so is breach of trust which has been held to be fraudulent. *Durrell* v. *Gibson*, (Maine) 9 Atl., 353; *Slauter* v. *Favorite*, 107 Ind., 291; 57 Am. Rep., 106, 110; *Brooke* v. *Lord Mostyn*, 2 DeG., J. & S., 373; *Boswell* v. *Cooks*, L. R., 27 Chan. Div., 424; *Kelley* v. *Nealley*, 76 Maine, 71, 74; *Scoville* v. *Brock*, 79 Va. 449, 459.

Neither the knowledge of the succeeding guardian, if such he had, nor his failure to take action, if he had knowledge, can affect the rights of the ward in the premises. *Potter* v. *Titcomb*, 11 Maine, 157, 166; *Denholm* v. *McKay*, 148 Mass., 434, 442-3. See also *Blake* v. *Pegram*, 101 Mass., 592; *Lamar* v. *Micou*, 112 U. S., 452, 454.

It should be noted that, at the hearing allowing the account, the ward was not represented by either his general guardian or a guardian *ad litem*.　See *Denholm* v. *McKay*, 148 Mass., 434, 442.

Has the conduct of the ward since arrival at his majority been such as to affect the granting of the remedy sought?　Proceedings for the opening and modifying of a final account or settlement upon the ground of fraud or mistake whether by bill in equity or bill of review in equity or petition therefor in the Probate Court are founded upon equitable principles.　Where no time is specified by statute within which a settlement may be opened for fraud or mistake it must depend on the sound discretion of the court, and the circumstances of each particular case considered with reference to the nature and extent of the account, the condition and situation of the parties, and the character and evidence of the alleged fraud or mistake:　*Hyer* v. *Moorhouse*, 20 N. J. L., 125; *Rogers* v. *Van Nortwick*, 87 Wis., 429; *Stoudenmire* v. *DeBardelaban*, 72 Ala., 302.　See *Frost* v. *Walls*, 93 Maine, 412; *Aaron* v. *Mendel*, 78 Ky., 427; *Knight* v. *Hollings*, 73 N. H., 495, 502.

The appellant urges that the laches of the former ward, since his majority defeats his right.　We find none of the elements of laches save lapse of time.　We do not discover that the testimony of any material witness or other evidence has been lost, or that there has been a change of circumstances affecting appellant of which he can avail himself.　*Leathers* v. *Stewart*, 108 Maine, 96, 102.　While we have not found any change in the condition of the sureties upon the bond of accountant, as urged, it is only necessary to say that the sureties are not so directly interested in these proceedings as to warrant the consideration of this defense as to them.　See *Shaw* v. *Humphrey*, 96 Maine, 397, 399.　That, if they have a remedy it is elsewhere, see *Clark* v. *Chase*, 101 Maine, 270.

Commissions were allowed to the amount of $918,35.　This allowance is challenged by the appellee.　Authorities are abundant that where a guardian has been guilty of wrong doing in the management of the estate of the ward or the latter has suffered by reason of the guardian's neglect of duty, commissions will be refused.　In *re Pierce*, 68 Vt., 639; *Martin* v. *Porter*, 53 N. Y., Suppl. 186; *Albert's Appeal*, 128 Pa. St., 613; *Lamb's Appeal*, 58 Pa. St., 142.　See also *Pierce* v. *Prescott*, 128 Mass., 140, 148.

The objection of appellant that the Probate Court, having decreed the reopening of the account, exceeded its powers in restating it, does not appeal to us as convincing or well taken.

The entry, therefore, must be.

> *Decree of Probate Court affirmed.*
> *The case is remanded to the Supreme*
>     *Court of Probate for the County*
>     *of Knox for further action in*
>     *accordance with this opinion.*