[Civ. No. 5511.   Third Appellate District.—November 22, 1935.]

In the Matter of the Estate and Guardianship of TUNE CARLSON, a Minor.   TUNE CARLSON, Ward, Appellant, v. AUGUST WEST, Guardian, Respondent.

Taft & Spurr for Appellant.

Charles Kasch and Leonard Stone for Respondent.

PLUMMER, J.—On the 20th day of February, 1935, August West filed his petition in the Superior Court of Mendocino County praying for an order of the court discharging him from his position as guardian of the estate of Tune Carlson, a minor. This petition was not accompanied by any final account or statement as to whether any of the property of the estate of said minor had come into his possession since the hearing on the 15th day of April, 1927, settling an account theretofore filed by him, denominated as a "fifth" account, and also as a "final" account.

The petition for discharge alleged the appointment of the petitioner as guardian of the estate of a minor, and further alleged that said minor was born on the 11th day of April, 1912, and that more than one year had elapsed since said minor became of age. Thereupon, said minor filed objections to the discharge of said guardian, setting forth that an account filed by said guardian on the 29th day of July, 1918, contained fraudulent representations and concealments as to the amount of money received by said guardian belonging to the estate of said minor, and also, as to the amount of moneys expended on behalf of said ward.

In the second count of the objections filed by the minor, it is alleged that on the 12th day of August, 1919, said guardian filed an account in which he purported to have expended for the benefit of said minor the sum of $1,070, whereas in truth and in fact said guardian had only expended the sum of $710, and fraudulently failed to account for the difference between said items.

The objections further stated that on the 31st day of August, 1926, said guardian filed an account in which he purported to have expended and disbursed for the benefit of said minor the sum of $1280, whereas in truth and in fact said guardian only expended the sum of $20.

As illustrating the character of the objections filed, and the sufficiency thereof, we set forth in full paragraph 4 of the objections, to wit:

"That the said August West, as guardian in the above entitled matter, did on or about the 25th day of August, 1919, prepare and file in said court in the matter of said estate of said minor, an account purporting to be the third annual account as guardian aforesaid, covering a period from the 21st day of August, 1918, to the 12th day of August, 1919, wherein he did set forth, allege and account for the sum of $1070.00 thereof, as having been disbursed, and represented in and by said account that he had expended to and for the purposes and in behalf of this minor the sum of $1070.00, and affiant, on information and belief, alleges that said August West did fraudulently and intentionally represent to the court the fact that he had paid to and on account of said ward the sum of $1070.00, whereas in truth and in fact he had paid out for and on account of said ward the sum of $710.00 only; that by reason of said fraudulent account and conduct of the said August West, and not otherwise, said court did approve said account so filed, as aforesaid."

The record shows that during the pendency of proceedings, Tune Carlson married, and is now known as "Tune Cauckwell".

After the filing of the objections to the discharge of said guardian, and praying for the opening and reexamination of the accounts and the surcharging of the guardian with the amounts alleged to be in his possession, the guardian interposed thereto the following motion, to wit (omitting title): That on the day and hour mentioned he would move the above-entitled court for an order awarding the said guardian judgment on the pleadings, in the matter of the application of the guardian, for final discharge and the opposition of objections filed thereto, and grant to said guardian a judgment and decree of final discharge of said guardian on the pleadings. "Said motion will be made upon the ground that no issue of fact is raised by the petitioner for final discharge, and the objections thereto, and that the said guardian is entitled to his final discharge on the pleadings on file. Said motion will be supported by this notice of motion, by all the records, papers and files in the above entitled proceeding, and by the petition for discharge filed by said guardian, and the objections thereto filed by said Tune Carlson." This motion was granted by the court, not on the grounds alleged and set forth in said notice of motion, but upon the theory that as

more than one year had elapsed after Tune Carlson became of age, she was barred from raising any objections to the petition filed by the guardian for his discharge, and also barred from raising any objections to the accounts filed by the guardian, set forth in the objections said to have been fraudulent and untrue. The order signed by the court granting the discharge of the guardian appears also to have exonerated his sureties.

No demurrer, either general or special, was interposed to the pleadings or objections filed by and on behalf of the minor, and the only question is whether those objections really tendered an issue. In this particular the case of *Gaver* v. *Early*, 58 Cal. App. 725 [209 Pac. 390], apparently answers the question affirmatively. There, as set forth in the petition, one of the accounts stated that the guardian had filed an account showing the receipt of $7,915.97, and no more, "and intentionally and fraudulently, and for the purposes aforesaid concealed, failed to report and account for the sum of $2,719.14 thereof. That thereafter, and on or about the 14th day of July, 1913, and by reason of said fraudulent acts and conduct of said defendants, and not otherwise, said court did approve and allow said account so filed". Under the holding in this case we think it clear that the objections filed herein sufficiently raised an issue as to the alleged fraudulent concealment and alleged fraudulent statements in the accounts filed by the guardian. While the guardian did not by his motion, or otherwise, tender the issue of the statute of limitations, which, of course, is a personal privilege, the statement of which needs no authorities to support it, the court nevertheless apparently based its order and judgment upon section 1593 of the Probate Code, reading: "A guardian appointed by a court is not entitled to his discharge until one year after the ward's majority." In purporting to exonerate the bondsmen, the court overlooked the provisions of section 1487 of the Probate Code which gives to a minor three years after a guardian has been discharged within which to institute an action against a guardian's sureties. There is no provision either in the Probate Code or in the Code of Civil Procedure purporting in terms to limit the time within which a minor may raise objections to accounts filed by a guardian, but as we have seen, the minor is allowed three years after the guardian is discharged within which to begin

an action against bondsmen, and also, that equity will entertain jurisdiction to set aside the accounts of guardians for extrinsic and collateral fraud if the action is commenced within three years after the date of the discovery of the fraud. (13 Cal. Jur., p. 199, sec. 48; sec. 338, Code Civ. Proc.)

Logical reasoning would lead to the conclusion that until the guardian's petition for final discharge has been acted upon, the court has jurisdiction to entertain an inquiry into any of the reasons why the guardian should not be discharged, and if in that inquiry it ascertains that the guardian has made untrue and fraudulent reports to the court, sitting as a probate court, the probate court is empowered to surcharge the guardian with the sums of money unreported or that should have been reported, or with any sums of money misappropriated by him, if any sums are found to have been misappropriated.

Section 1593 of the Probate Code is a limitation upon the right of the guardian, and does not, in its terms, purport to be any restriction upon the right of the ward to oppose the final discharge of the guardian, and there being nothing in the language indicating such an intent on the part of the legislature, and no other provision of the code so providing, we find no authority for extending the scope of section 1593, *supra,* so as to bar the minor in filing any objections to the discharge of a guardian on the ground that he has not truthfully reported moneys received and moneys disbursed, but has withheld for his own benefit property rightfully belonging to the ward.

That the probate court has jurisdiction until after the discharge of the guardian, upon proceedings instituted therefor, or reasons set forth by the ward, to inquire into the previous accounts of the guardian has been definitely decided by the courts of this state. We need only to quote one paragraph from the case of *In re Vucinich's Estate et al.* (*Angelich* v. *Vucinich*), 3 Cal. (2d) 235 [44 Pac. (2d) 567], to wit: "Unlike orders settling accounts of executors and administrators, when final, those settling guardians' accounts do not come within the rule of *res judicata.* The probate court is not precluded from a reexamination of former accounts rendered by a guardian of estates of minors, and on such reexamination it has power and authority to correct, revise, or modify in amount any item or items of expenditure

theretofore settled, allowed or approved by it, or to entirely disallow and withhold its approval or settlement of such item or items. Such is the rule first announced in this state in the case of *In re Guardianship of Cardwell*, 55 Cal. 137.''

In states where the statute provides no time within which a ward may make application for the reexamination of a guardian's account, it appears that the time within which it may be made is within the sound discretion of the court. We take the following from the syllabus in the case of *In re Moore*, 112 Me. 119 [90 Atl. 1088, Ann. Cas. 1917A, 645], to wit: ''Where no time is specified by statute within which a guardian's settlement may be opened for fraud or mistake, the time within which the ward, after attaining full age, must apply for relief depends upon the sound discretion of the court, considered with reference to the nature and extent of the account, the condition and situation of the parties, and the character and evidence of the fraud or mistake.''

In this case the proceedings were not sought to be opened until after the discharge of one guardian and the appointment of his successor. Nothing appears in the case indicating that any testimony had been lost, or that any of the parties were disadvantaged by reason of the delay, which was for a considerable time. This case, as reported in Ann. Cas., *supra*, contains two pages of notes, citing cases where the question of laches has been considered.

That proceedings may be had in equity for vacating the settlement of the account of a guardian after discharge, and also by motion prior to discharge and the necessary pleadings therefor, is shown in 28 C. J., pages 1240 and 1244, inclusive. See, also, *Estate and Guardianship of Wells*, 140 Cal. 349 [73 Pac. 1065], where the proceeding was filed in the probate court so entitled, but was considered as a proceeding in equity and entertained by the court for the purpose of determining the truth or falsity of the allegations made by the ward.

In the instant case no question of laches is presented, nor is there any showing in the record that any of the parties thereto have been in the least disadvantaged by reason of any delay on the part of the minor. The delay of a guardian to file his petition for a discharge cannot be held as creating a bar as against the minor and estop her from filing objections thereto, on the grounds of alleged fraudulent concealments of the funds of the estate.

The judgment and order are reversed, and the cause remanded for further proceedings, in accordance with this opinion.

Pullen, P. J., and Thompson, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 20, 1936.