[Civ. No. 19978.   First Dist., Div. Three.   June 12, 1962.]

HARTFORD ACCIDENT AND INDEMNITY COMPANY, Plaintiff and Appellant, v. HILARY H. CRAWFORD et al., Defendants and Respondents.

Dinkelspiel & Dinkelspiel, Alvin T. Levitt and Robert E. Burness, Jr., for Plaintiff and Appellant.

Myers & Jones and J. Bryan Jones for Defendants and Respondents.

SALSMAN, J.—The plaintiff brought this action to set aside a final order of the probate court, and appeals from an adverse judgment.

On October 25, 1949, Arthur Canepa was appointed guardian of Juanita L. Brown. Plaintiff became surety on the guardian's bond. The principal asset of the ward's estate was a liquor license appraised at $6,500. In July, 1950 the ward was restored to capacity, but the guardianship proceedings were not terminated. In August 1950 the guardian filed an account and on September 8, 1950, the probate court made its order settling the account, fixing fees for the guardian and counsel, and directing payment. In this order the court imposed a lien on the ward's liquor license to secure the payment of fees and expenses, and directed the guardian to execute an agreement pledging the liquor license for this purpose, and to deliver such agreement to the State Board of Equalization. The guardian did not follow the directions of the probate court, but evaded the order by transferring the ward's liquor license to the guardian's wife and sister without consideration. After restoration to capacity, the ward consented to this transfer. The guardian did not ask the probate court for permission to transfer the liquor license, nor for approval of the transfer after it had been made.

In 1953, defendants herein as creditors of the ward petitioned the probate court for an order requiring the guardian to satisfy debts of the ward. In March 1954 the probate court made its order charging the guardian with wrongfully dis-

posing of an asset of the ward's estate (the liquor license) and requiring the guardian to satisfy debts of the ward.

In February 1956 the guardian, after citation, filed an accounting. Defendants herein as creditors of the ward filed exceptions to the account. The exceptions were sustained and the default of the guardian was established by the court's order dated March 28, 1956. In part, this order read: "3. That the said Arthur Canepa had failed to account for and is chargeable with a valuable asset of the estate of Juanita L. Brown, to-wit: an on-sale liquor license issued for the premises at 2009 Bridgeway, Sausalito, California, which said license has been appraised herein at the value of $6500, and the default of Arthur Canepa with respect to the fact that he has failed to faithfully execute and discharge the duties of his trust according to law, and that he has wrongfully misapplied the said asset, to-wit, the said liquor license, of a value of $6500, to the detriment of the estate of Juanita L. Brown in that amount, and to the creditors of said estate whose claims have been ordered to be paid, is hereby fixed and entered; and

"4. The said Arthur Canepa as said guardian has failed to pay the claims of Hilary H. Crawford and H. W. Glensor in the amount of $841.57, the claim of Hilary H. Crawford in the amount of $628.22, and the claim of William H. Coffey in the amount of $481.11, which said claims heretofore have been allowed and which said claims the said Arthur Canepa has heretofore been ordered to pay."

It is the court's order of March 28, 1956, which the plaintiff here seeks to set aside.

In the trial court, plaintiff's evidence consisted only of the probate file and record, certain letters from the defendants to plaintiff notifying plaintiff of the guardian's default and demanding payment of their claims, and the affidavit of the ward reciting her consent to the transfer by the guardian of the liquor license.

The plaintiff does not suggest that any extrinsic fraud or mistake is involved in any procedural step leading up to the court's order of March 28, 1956. Its contention is that the order is void for the following reasons:

(1) The defendants as creditors had no standing or authority to question the guardian's account;

(2) the court's order here under attack is void because it is based in part on the guardian's failure to comply with the court's order of September 8, 1950, imposing a lien on the

ward's liquor license and because the order of September 8, 1950, was void; and

(3) that the ward consented to the transfer of the liquor license after her restoration to capacity and hence there was no "asset" which the guardian could "wrongfully misapply." None of these contentions has any merit.

It is the duty of the guardian to pay the just debts of the ward out of the ward's estate (Prob. Code, § 1501; *Guardianship of Waite,* 33 Cal.App.2d 315 [91 P.2d 620]). The defendants here, as creditors of the ward, had a right to take exception to the guardian's account where no provision had been made for the payment of their allowed claims. (*Estate of McMillin,* 46 Cal.2d 121 [292 P.2d 881, 56 A.L.R. 2d 1175]; *Estate of Mailhebuau,* 218 Cal. 202 [22 P.2d 514].)

Plaintiff next contends that the order of March 28, 1956 is void because it is based in part on the guardian's failure to comply with the court's order of September 8, 1950, imposing a lien in favor of defendant creditors on the ward's liquor license. Plaintiff relies on Business and Professions Code, section 24076, which reads in part as follows: "No licensee shall enter into any agreement wherein he pledges the transfer of his license as security for a loan or as security for the fulfillment of any agreement." Throughout the proceedings, however, the probate court was acting within the scope of its jurisdiction. Plaintiff does not contend that the probate court did not have jurisdiction over the ward and the guardian, and the record shows the liquor license was one of the inventoried assets of the ward's estate. There is no question but that proper notices of hearing on the guardian's account were given, and that the order here challenged was regularly made. Thus the order is not void. If there was an error in the court's order of September 8, 1950, which we do not decide, or in the order of March 28, 1956, here under attack, it was an error in the exercise of the court's jurisdiction which could have been corrected on appeal. (*Mueller* v. *Elba Oil Co.,* 21 Cal.2d 188 [130 P.2d 961]; *Gray* v. *Hall,* 203 Cal. 306 [265 P. 246]; *Kupfer* v. *Brawner,* 19 Cal.2d 562 [122 P.2d 268].) In *Huron College* v. *Yetter,* 78 Cal. App.2d 145 [177 P.2d 367], at page 151, the court said: "Even though a judgment or decree rendered by a court in a cause wherein it has jurisdiction of the subject matter and the parties contains error committed in the exercise of jurisdiction, such judgment is not void but merely erroneous." (See also *Hogan* v. *Horsfall,* 91 Cal.App. 37 [266 P. 1002].)

Finally, plaintiff argues the ward consented to the guardian's transfer of the liquor license and hence there was nothing in the ward's estate for the guardian to misapply.

During the existence of the guardianship proceedings the estate of the ward is in the custody of the court and subject to its direction (*Guardianship of Russell,* 21 Cal.2d 767 [135 P.2d 369]). The guardian in his administration of the ward's estate is the agent of the probate court, not its master (*Hornaday* v. *Hornaday,* 95 Cal.App.2d 384, 393 [213 P.2d 91].) Notwithstanding the ward's restoration to capacity, the probate court had a continuing jurisdiction of the ward's estate for the purpose of settling the final account of the guardian and making appropriate orders relating to the administration of the guardianship estate. (Prob. Code, § 1555; *Browne* v. *Superior Court,* 16 Cal.2d 593 [107 P.2d 1, 131 A.L.R. 276]; *Guardianship of O'Connor,* 28 Cal.App.2d 527 [83 P.2d 65]; *Keck* v. *Keck,* 16 Cal.App.2d 521 [61 P.2d 79]; *Guardianship of Carlson,* 10 Cal.App.2d 341 [52 P.2d 575]; *Guardianship of Vucinich,* 3 Cal.2d 235 [44 P.2d 567]; *Graff* v. *Mesmer,* 52 Cal. 636.) In the settlement of the guardian's account the probate court thus had jurisdiction and authority to make all reasonable and necessary orders to provide for the payment of the debts of the ward from the assets of the ward's estate, including an order directing the payment of the claims of the defendants herein. It is apparent, therefore, that the ward's consent to the transfer of the principal asset of her estate, given after her restoration to capacity but before settlement of the guardian's final account and termination of the guardianship proceedings, cannot operate to defeat the rights of the ward's creditors, or the authority of the probate court to control and regulate the administration of the ward's estate.

Judgment affirmed.

Draper, P. J., and Devine, J., concurred.