REDMANN, Judge.
The persons who were co-curators of a now-deceased interdict apply for writs to reverse a judgment that annulled a judgment homologating their fourth provisional account (and authorizing payment by them of certain substantial charges, including curators’, undercurator’s and attorneys’ fees). The homologation was applied for during the lifetime of the interdict but not *107 granted until ten days after her death, The homologation was set aside five days later on a rule filed by one claiming to be decedent’s executor.
In our view, the homologation was properly set aside, notwithstanding the curators’ complaint of lack of standing of the alleged executor, especially as of the time of the filing of the account, when the interdict was still alive. We would have a different question if the interdict were alive rather than dead when homologation occurred.
The death of the interdict terminated the authority of the curators. Death terminates mandate, La.C.C. 2037, and death transmits immediately all of the decedent’s property to the legal heirs, C.C. 940-948, or universal legatees, C.C. 1609-1610. If there is a succession representative, he or she is “deemed to have possession of all property of the succession .. .,” La.C.C.P. 3211. Thus the decedent’s estate belongs to the heirs or legatees, or the succession representative has possession, from the moment of death, and the decedent’s former curators have no authority to expend any funds. Debts that remain to be paid must be paid by decedent’s succession, either by executor or administrator or by the heirs. Curatorship is over upon the death of the interdict, and succession rules thereafter govern.
The remedy for the former curators is to file a final account, to be served upon the succession representative or the heirs. See C.C.P. 4554 and 4394(2).[1] (See also West LSA-CCP Form 1094a, n. 3.)
Finally we point out that homologation of any account other than a final account merely constitutes prima facie evidence of the correctness of the account, C.C.P. 4396. The only question of substance in this case is whether, after the death of the interdict, the curators could dispense the funds formerly belonging to her. We rule that that authority and responsibility belongs to heirs or succession representative,
Writs are therefore refused,

. We understand that provision, as applied to a curatorship, to require service “Upon the former [interdict, or succession representative, or heirs], if a final account is rendered after expiration of the [curatorship].”