In the ESTATE OF Daisy Belle LIVINGSTON, Incompetent,

Appeal of Ethel L. HAYES.

No. 11973.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 20, 1982.

Ivella McWhorter Elsey, Springfield, for appellant.

Leland C. Bussell, Dale L. Davis, Bussell, Hough & O'Neal, Springfield, for respondent.

MAUS, Chief Judge.

This is an appeal from a judgment in a guardianship estate of an incompetent declaring that by reason of § 473.360 (the non-claim statute applicable to the estates of decedents) the claim of appellant cannot be satisfied from any assets being administered upon as a part of the ward's decedent estate. The background of this appeal is unique. The proceedings commenced under Mo.Const. Art. 5 before the effective date of the 1976 amendments and concluded after that effective date.

On July 20, 1977, the ward was adjudged to be incompetent and Shelby J. Raney was appointed guardian of her person and estate. On October 18, 1977, the claimant duly filed in the probate court her "claim against estate" of the ward for personal

services rendered prior to the adjudication. The claim was in the amount of $6,500. Following a hearing on August 28, 1978, the probate court allowed the claim in the amount of $5,000. On September 14 the probate court entered an order granting the guardian of the estate an appeal to the circuit court. That order did not specify the extent of any supersedeas of the order allowing the claim. § 472.230, RSMo 1969 (Repealed by Laws 1978, page 696).

The ward died on March 13, 1979. On March 22, 1979, Shelby J. Raney and Ruth Raney were appointed executors of the estate of the deceased ward. Notice of their letters testamentary was duly published, the first publication thereof being had on March 29, 1979. On April 2, 1979, the executors filed a suggestion of the death in the circuit court in the appeal proceedings. On July 9, 1979, upon the motion of the claimant, the executors "were substituted as parties defendant" for the guardian. By leave of the circuit court, the executors then filed their answer to the claim and their counterclaim. By their counterclaim, the executors sought a declaratory judgment in general terms interpreting § 473.360. On December 5, 1979, the parties submitted the counterclaim for a declaratory judgment to the court upon written briefs. On September 17, 1980, the circuit court entered a judgment in favor of the executors which declared, among other things, that by reason of the failure of the claimant to comply with § 473.360, by filing her claim or a notice of substitution of parties in the probate division of the circuit court within six months after the first publication of notice of letters testamentary, the assets of the decedent's estate could not be used to satisfy any judgment rendered upon the claim; that there were no other assets; the executors were ordered not to defend the claim or to pay any judgment thereon from the assets of the decedent's estate; and that none of the devisees, personal representatives or legatees of the ward were obligated to pay the claim. The claimant appeals.

■ The appellant argues that upon the effective date of the 1976 Amendment to Mo.Const. Art. 5 and House Bill 1634 implementing the Amendment, the appeal should have been transferred to this court. Section 472.160, as amended by House Bill 1634, provides that appeals from the probate division of the circuit court shall be to the appropriate appellate court. However, that amendment is prospective. The appeal in this case was taken before January 2, 1979, and the circuit court had jurisdiction of the appeal as provided in Mo.Const. Art. 5 and the implementing statutes in force at the time the appeal was taken. Nothing in the 1976 amendment to Art. 5 or in House Bill 1634 deprives the circuit court of that jurisdiction.

■ The respondent's argument that this appeal must be dismissed is well taken. With certain exceptions an appeal may be taken only "from any final judgment in the case". § 512.020. A judgment is not final if it does not dispose of all of the issues before the court. *Hill v. Boles*, 583 S.W.2d 141 (Mo. banc 1979). This proceeding originated in a claim in the probate court. It was in the circuit court as an appeal from a judgment allowing that claim. The judgment of the circuit court does not allow or disallow that claim and is not a final judgment. *Hill v. Boles*, supra; Civil Rule 81.-06.

Nevertheless, in view of the contentions made by the parties, and lest this opinion be construed as approving the substitution ordered, this court would be remiss if it did not consider the questions presented. The proceeding before the circuit court was not an action filed in that court. It was an appeal from an order of the probate court taken before January 2, 1979. Under the law in force at the time the appeal was taken, the circuit court had jurisdiction to hear the matter de novo. *State ex rel. Russell v. Mueller*, 332 Mo. 758, 60 S.W.2d 48 (1933). However, the jurisdiction of the circuit court was derivative. *State ex rel. Townsend v. Mueller*, 330 Mo. 641, 51 S.W.2d 8 (banc 1932). The only issue before the circuit court was the allowance of the claim in the guardianship estate. *Cooper v. Jensen*, 448 S.W.2d 308 (Mo.App.1969). The counterclaim was improperly filed.

A more difficult question is the propriety of the substitution of the executors in the place of the guardian. This point involves a consideration of the nature of the proceeding before the court and the relationship of the guardianship estate to the decedent estate. There is a distinction between an action in the circuit court to recover upon a cause of action against a ward and the presentation of that cause of action by a claim against the estate of the ward.[1] *Vanderbeck v. Watkins*, 421 S.W.2d 274 (Mo. banc 1967). In the absence of statute, such a cause of action could be enforced only by an action against the ward in the circuit court. *Rhodes v. Frazier's Estate*, 204 S.W. 547 (Mo.App.1918). Such an action is based upon jurisdiction of the person of the ward and will result in an in personam judgment against the ward. That judgment shall be enforced in the manner provided for the enforcement of judgments against the estates of decedents. § 475.260.

By statute, Missouri first provided for the presentation in the probate court of "demands" against the estate of an incompetent, which was construed to include only liabilities accruing before the guardianship. § 458.320, RSMo 1949 (Repealed); *Evans v. York*, 195 S.W.2d 902 (Mo.App.1946). By amendment, this authority has been expanded to include liabilities of the ward accruing before and after guardianship, and liabilities incurred by the guardian for the benefit of the ward or his estate. The applicable statute excludes claims arising in tort. § 475.205. The allowance of a claim against the estate is a judgment to be satisfied from the assets of the estate in the manner prescribed by statute. § 475.205.

"And in this state it is to be noted, also, that no judgment is rendered against an administrator when a claim is allowed. The judgment of allowance and classification is rendered against the estate. It is, in all of its essential incidents and consequences, a judgment in rem . . . ." *Moody v. Peyton*, 135 Mo. 482, 491, 36 S.W. 621, 623 (1896). Also see *First Nat. Bank of Brush, Colo. v. Blessing*, 231 Mo.App. 288, 98 S.W.2d 149 (1936). It is not an in personam judgment which can be made the basis of a subsequent action against the ward. *Fogle v. Kaster*, 212 S.W. 565 (Mo.App.1919); *Johnson v. Castor*, 199 Mo.App. 501, 204 S.W. 196 (1918).

Concerning the second consideration, it is often assumed a ward's guardianship estate is the same as his decedent estate. In most cases this will be true, but it is not necessarily so. "It does not follow, however, that where there is an identity of ward and deceased there is also an identity of the respective estate of the ward and deceased." *Kelly v. Smith*, 7 Ohio App.2d 142, 219 N.E.2d 231, 235 (1964). A ward may be possessed of a cause of action that cannot be enforced after his death. *Kelly v. Smith*, supra. Compare *Clark v. Mississippi Valley Trust Co.*, 357 Mo. 785, 211 S.W.2d 10 (1948). There may be assets a part of his decedent estate not a part of his guardianship estate. A prime example is a life insurance policy payable to the estate. Further, the availability of assets for the payment of claims is not the same. The statutes of Missouri provide no specifically applicable exemption for the support of the ward. "An insane person, who is the head of a family, is entitled to precisely the same

1. Prior to the adoption of the 1955 Probate Code, actions in the circuit court were to be prosecuted in the name of or brought against the ward. *State ex rel. Emmons v. Hollenbeck*, 394 S.W.2d 82 (Mo.App.1965); *Seilert v. McAnally*, 223 Mo. 505, 122 S.W. 1064 (1909). A judgment against a guardian, as such, did not bind the ward or his estate. *Seilert v. McAnally*, supra. Upon a party becoming incompetent, his guardian was not substituted but appeared to represent the ward. *Redmond v. Quincy, O. & K.C.R. Co.*, 225 Mo. 721, 126 S.W. 159 (1910). Section 475.260 provides in part that all actions between the ward or the guardian and third persons in which it is sought to charge or benefit the estate shall be prosecuted by or against the guardian of the estate as such. Presumably this will not prevent a plaintiff from seeking a personal judgment against the ward in the circuit court even though the effect of such a judgment is to charge the estate of the ward. Whether a petition in the circuit court presents a claim against the ward, his estate, or the guardian individually is to be determined by a construction of the pleadings. Annot., 21 A.L.R. 908 (1922).

exemptions, under our statutes, as a sane person similarly situated, and no more; . . . ." *Frost v. Redford*, 127 Mo. 492, 498, 30 S.W. 179, 180 (1895). With one exception there is no statute establishing the priority of payment of claims against an incompetent's estate. Section 475.215 provides if there are insufficient assets to pay in full all allowed claims based on debts incurred before the appointment of a guardian, the assets shall be prorated. Section 475.125 provides that appropriations for the support of the ward and his dependents, the expenses of administration and allowed claims shall be paid from the personal property or income of the estate. Section 475.200 prescribes the purposes for which real property may be sold, including the payment of the ward's debts. Of course, the statutes applicable to a decedent estate in effect provide exemptions for a surviving spouse and/or minor children of a decedent, §§ 474.250 to 474.300, and provide an order of priority for the payment of claims. §§ 473.397 and 473.430. The relationship between the two estates is ill defined in Missouri, but in applying the present statutes, care must be taken to recognize the differences in the two estates.[2]

In an action in the circuit court against a ward, which would result in an in personam judgment against the ward, upon the ward's death, by necessity, the authority of his guardian to represent him terminates. There is no ward to be represented by the guardian. A judgment in an action in favor of or against a deceased is invalid. *Howard v. Hollins*, 462 S.W.2d 765 (Mo. 1971). This was the basis for the often quoted maxim that the authority of a guardian terminates ipso facto upon the death of his ward. In the absence of statute authorizing substitution upon death before judgment, such an action abates. *De Hatre v. Ruenpohl*, 341 Mo. 749, 108 S.W.2d 357 (1937). If such a death occurs after judgment pending appeal, substitution must be made to continue the appeal. *Wormington v. City of Monett*, 356 Mo. 875, 204 S.W.2d 264 (banc 1947).

" 'Revivor of actions being purely statutory in its origin, the modes provided by the Codes and statutes of the various States *are exclusive, and the courts cannot grant such benefit by any other method.' "* *Carter v. Decker*, 239 Mo.App. 776, 786, 199 S.W.2d 48, 54 (1947).[3] That part of § 475.-260.2 dealing with substitution provides:

**2.** The differences are emphasized in the following observations:

> When a person is under guardianship both of the estate and person and subsequently dies, what portion of his estate is subject to disposal under the law fixing priorities for the estates of decedents? Is it the gross assets in the hands of the guardian at the time of death, or is it the net property left after the guardianship has been properly closed? We are of the opinion that the logical answer is that the estate of the decedent consists of whatever assets remain after the legal claims arising by virtue of the guardianship have been properly satisfied. If this were not true, there would be endless confusion created by contests between guardians on the one hand and executors or administrators on the other. The guardian might have created an indebtedness which, according to the law, was a proper and prior claim against the estate of the incompetent, and yet, by the sudden death of his ward, such claim might be utterly defeated by proceedings in the estate of the decedent. In the absence of a statute expressly declaring so unjust a rule, we are of the opinion that all debts legally

> incurred by the estate of an incompetent during the course of guardianship are just as much liens upon such estate as are formal mortgages thereon, and that the administrator takes the estate subject thereto. *State v. Greenshaw*, 50 Ariz. 436, 72 P.2d 950, 951 (1937).

> I believe there would be value in legislation which would permit the trustee to wind up his trust administration by paying bills, etc., due at the death of the mentally ill person. Thus it would permit the trustee to make arrangements with the Hospital and other creditors which would permit deferred payments without the creditor running the risk of losing all because of death. This is often very important where family needs are involved. Also, where a trustee has made binding commitments on behalf of the mentally ill person it does not seem fitting that the commitments of an agent of the Court should not be honored. *In re Bohnstedt*, 36 Del.Ch. 97, 125 A.2d 580, 582 (1956).

**3.** Section 507.100 providing for substitution upon the death of a party does not extend to the substitution of a foreign executor or admin-

If an action was commenced by or against the minor or incompetent before the appointment of a guardian of his estate, such guardian when appointed may be substituted as a party for the minor or incompetent. If the appointment of the guardian of the estate is terminated, his successor may be substituted; if the ward dies, his personal representative may be substituted; if the ward becomes of age or is restored to competency, he may be substituted.

That section clearly authorizes substitution in an action by or against a ward in the circuit court. Upon such substitution and the filing of a written notice thereof in the decedent estate in the probate court, the action is considered a claim against that decedent estate. § 473.363; *Cook's Estate v. Brown*, 346 Mo. 281, 140 S.W.2d 42 (1940). "When the debtor dies, the proceedings in personam are at an end." *Sturdy v. Smith*, 132 S.W.2d 1033, 1038 (Mo.App.1939).

Even before the adoption of the Probate Code Revision of 1980 and the Rules hereafter mentioned, § 475.260.2 has been held to be applicable upon the death of a party to certain proceedings in the probate court. "The discovery proceeding against Kearney Commercial is 'an action' inasmuch as Missouri courts have consistently held that a discovery proceeding in probate court, ... is a *suit or action within the meaning of the law*." *Kearney Commercial Bank v. Deiter*, 407 S.W.2d 575, 581 (Mo.App.1966). Also see *Davis v. Johnson*, 332 Mo. 417, 58 S.W.2d 746 (1933), in which an administrator was substituted for a deceased defendant in a discovery proceeding; and *Williams v. Schneider*, 1 S.W.2d 232 (Mo.App.1928), in which an administrator was substituted for a decedent upon an application for one year's support.

■■■■ The section is now more clearly applicable. Rule 52.13 provides for substitution upon the death of a party. Section 472.141 provides "[a]n adversary probate proceeding shall be conducted, as nearly as practicable, in accordance with the rules of civil procedure." Also see Rule 41.01.

However, it does not follow that upon the death of a ward, his administrator or executor is to be substituted for his guardian in a proceeding in the probate court to establish a claim against the estate of the ward. By their terms § 475.260.2 and Rule 52.13 are applicable only upon the death of a party to the action. The ward is not a party, as the term is so used, to such a proceeding. Such a claim is an in rem proceeding to establish a claim against the incompetent estate. It is a part of the administration of that estate.

■■■■ The death of the ward does not convert the administration of the guardianship estate into an administration of a decedent's estate. No statute or rule provided for the substitution of the executor for the guardian and that substitution was improper. *Kelly v. Smith*, supra.[4] By necessity, the administration of a guardianship estate will end when a guardian no longer has authority to represent the estate. Section 475.285 prescribes when the authority of a guardian terminates. Section 475.290 provides that upon termination a guardian shall make a final settlement and under § 475.300 he is to deliver the assets of the estate to the administrator or executor. The effect of these sections has been summarized: "We hold that upon the death of Dr. Cook this guardian was without further power except to settle his account and deliver the estate and effects of his ward to the ward's personal representative, ...." *Williams v. Vaughan*, 363 Mo. 639, 651, 253 S.W.2d 111, 116 (banc 1952). It has been repeatedly held that after the death of a ward an action cannot be commenced against the guardian or the guardianship estate. *Williams v. Vaughan*, supra; *State ex rel. Emmons v. Hollenbeck*, 394 S.W.2d 82 (Mo.App.1965).

---

istrator. *State ex rel. Mercantile National Bank v. Rooney*, 402 S.W.2d 354 (Mo. banc 1966).

4. In *Evans v. York*, 216 S.W.2d 124 (Mo.App. 1949), the contention of improper substitution of an executor for a guardian first raised on appeal by a claimant who acquiesced in that substitution was denied.

However, even before the amendment hereafter mentioned, it was later said: "Considering first the guardian's contention that her guardianship became extinct for all purposes upon the death of her ward, we believe this is not quite literally true, nor do we think this court so held in *State ex rel. Emmons v. Hollenbeck*, Mo.App., 394 S.W.2d 82, . . . ." *Gilliam v. Hopkins*, 472 S.W.2d 436, 445 (Mo.App.1971). Also, in speaking of the proposition that a guardian's authority terminated upon the death of the ward, it has been said: "True, but would not the guardian still have power to pay claims which had been allowed and complete contracts which had matured before the ward's death?" *Capelli v. Bennett*, 357 Mo. 421, 426, 209 S.W.2d 109, 112 (1948). Also, in *Williams v. Vaughan*, supra, it was held that after the death of the ward the guardian had power to borrow money to pay expenses of the ward.

▇▇▇▇ The extent of the authority of a guardian to deal with the estate after the death of the ward is primarily a matter of statutory construction. In 1955, § 475.285.2 was amended by adding thereto subsection 3 which provides:

> Notwithstanding the termination of the authority of a guardian of the estate or of the person and estate, he shall continue to have such authority with respect to the estate as may be necessary to wind up his administration as such guardian, subject to the control of the court and to such limitations on such authority as the court may impose.

This amendment has received but little construction by an appellate court.[5] It is not mandatory to hold that substitution is necessary in the circumstances of this case. The claim is against the estate and the guardian yet represents the estate even though the beneficial ownership is now vested in the ward's successors. Other sections authorize a guardian to deal with the estate of a ward after the death of the ward.[6] § 475.285.1(6) and § 475.320. This authority certainly includes the payment of claims allowed by a final judgment. *Capelli v. Bennett*, supra; *Hartford Accident and Indemnity Co. v. Crawford*, 204 Cal.App.2d 557, 22 Cal.Rptr. 424 (1962); *Pemberton v. Leatherwood*, 218 S.W.2d 500 (Tex.Civ.App. 1949). The same is true in respect to the approval and payment of obligations incurred by the guardian in his administration of the estate. *In re Lafayette National Bank of Brooklyn*, 231 N.Y.S.2d 789 (N.Y. Sup.1962). The cause of action in question has been reduced to judgment. It would not abate in absence of substitution. *Wormington v. City of Monett*, supra. If the appeal, as distinguished from the petition or cause of action, was dismissed, the judgment would stand. § 472.250, RSMo 1969 (Repealed by Laws 1978); *Trogdon v. Strumberg*, 514 S.W.2d 25 (Mo.App.1974). Section 475.285.3 should be construed to authorize the guardian to represent the estate in the final disposition of this allowed claim. The authority of a guardian of a deceased ward to represent an estate in regard to a claim filed but not heard, is a separate question. The appeal is dismissed. The cause is remanded, pending in the circuit court for further proceedings.

PREWITT, P. J., and HOGAN and BILLINGS, JJ., concur.

---

**5.** In *State ex rel. Emmons v. Hollenbeck*, supra, n. 1, the court noted this provision and without expressly construing the same held that a tort action could not have been commenced against the guardian after the death of the ward.

**6.** Compare the statutory provisions construed in *Hartford Accident and Indemnity Co. v.* *Crawford*, 204 Cal.App.2d 557, 22 Cal.Rptr. 424 (1962); *In re Poynot*, 389 So.2d 106 (La.App. 1980); *Matter of Estate of Matthews*, 54 A.D.2d 999, 388 N.Y.S.2d 933 (1976); and *In re Guardianship of Mayou*, 6 Wash.App. 345, 492 P.2d 1047 (1972).