**Wayne SUMMERS,
Plaintiff/Respondent,**

v.

**Bernice CORRELL, Personal Representative of the Estate of Ernest L. Jenkins, Deceased, Defendant/Appellant.**

**No. WD 44151.**

Missouri Court of Appeals,
Western District.

Aug. 20, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 1, 1991.

Application to Transfer Denied
Nov. 19, 1991.

**554**

Richard N. Brown, Brown & Casey, Brookfield, for defendant/appellant.

Robert G. Smith, Don Chapman, Jr., Chapman, Cowherd & Turner, Brookfield, plaintiff/respondent.

Before FENNER, P.J., and TURNAGE and ULRICH, JJ.

TURNAGE, Judge.

Wayne Summers brought suit against the personal representative of Ernest L. Jenkins to obtain approval of a real estate sale by which Summers had contracted to purchase real estate from the guardi-an/conservators of Ernest L. Jenkins. The court entered judgment approving the sale and ordered the personal representative to execute a deed.

The personal representative appeals and contends the court had no authority to order her to complete a sale entered into by the guardians/conservators. Reversed.

In July, 1988, Isaac Garner and Ruth Garner were appointed guardians of the person and conservators of the estate of Ernest L. Jenkins, an incapacitated and disabled person, by the Probate Division of the Circuit Court of Linn County. Inventoried in the estate was real estate valued at $25,000.00. The conservators obtained an order to sell such real estate in November, 1988, and later that month they entered into a real estate contract with Summers whereby they agreed to sell such property for the sum of $25,000.00. The contract provided that it was contingent upon approval by the Probate Division of the Circuit Court of Linn County.

On November 30, 1988, the conservators filed their report of private sale of the real estate with the court. On that same day Jenkins, the protectee, died. The court, in the guardian/conservator estate, never acted on the report of sale filed by the conservators.

In December, 1988, Bernice Correll was appointed the personal representative of Jenkins by letters testamentary issued by the probate division.

In November, 1990, Summers filed a first amended petition for an order authorizing the personal representative to specifically perform the real estate contract entered into by him with the conservators of Jenkins. After a hearing, the court, in the decedent estate, approved the report of sale filed by the conservators on November 30, 1988. The court authorized and directed the personal representative to specifically perform the real estate contract executed by the conservators.

The personal representative contends the court had no authority to order the person-

al representative to specifically perform the contract entered into by the conservators of Jenkins.

Section 475.240, RSMo 1986,[1] provides in part as far as applicable here:

> Whenever any conservator sells any real estate belonging to his protectee, under an order of court, he shall report the sale to the court ordering the sale, within the same time and in the same manner as personal representatives are required by law to report sales of real estate made by them for the payment of debts. The report shall remain on file ten days before being acted upon and shall be proceeded upon as in the case of sales of real estate by a personal representative.

The problem in this case arises from the death of the protectee on the same day that the report of sale was filed. Section 475.-240 does not provide the procedure to be followed if the protectee dies prior to the approval of a sale by the court. There does not appear to be any other section which covers the situation brought about by the death of the protectee in the midst of proceedings to sell real estate. Section 475.320.2 provides that when a protectee dies with a will, letters testamentary shall be granted on the estate of the deceased protectee, in the manner provided by law as in cases of other testators.

In this case Jenkins had a will and a personal representative was appointed. Thereafter, Summers sought to enforce his real estate contract by filing suit in the decedent estate requesting that the personal representative be authorized and required to fulfill the contract executed by the conservators.

The difficulty with the contention of Summers that the personal representative had the authority to obtain approval of the conservators' contract and to thereafter perform it, lies in the provision of § 475.-240. That section requires the conservator to report the sale to the court ordering the sale and § 475.425 requires the conservator to execute a deed after the required procedure has been followed. The only authority in the statutes dealing with the sale of land by conservators requires the conservator to complete the sale and execute the deed.

■ In this case the court ordered the personal representative appointed in the decedent estate of Jenkins to complete the sale of real estate made by the conservators. The statutes distinguish between conservators and personal representatives and clearly provide procedures for the handling of estates of persons who are declared to be incapacitated or disabled and for persons who are deceased. In short, a conservator is not a personal representative. *State ex rel. Emmons v. Hollenbeck,* 394 S.W.2d 82, 86[2, 3] (Mo.App.1965) (a guardian is not an administrator or executor).

■ Likewise, the death of the protectee does not convert the administration of the guardianship of the estate into an administration of a decedent's estate. *Estate of Livingston,* 627 S.W.2d 673, 679[21–24] (Mo.App.1982). Here, the court directed the personal representative to complete the sale as if she were the conservator. This the court was not authorized to do. There is no statutory authority for the court to order the personal representative to take over a real estate contract entered into by a conservator and approve the sale and order the personal representative to execute a deed.

The probate division had no authority to act on the petition of Summers in the decedent estate of Jenkins. The judgment authorizing and directing the personal representative to execute a deed is reversed and this cause is remanded with directions to vacate the judgment approving the sale of real estate to Summers and authorizing and directing the personal representative to

---

**1.** All sectional references are to RSMo 1986.

execute a deed to Summers.[2]

All concur.

2. The question of the proper procedure to be followed when a protectee dies prior to the approval of a report of sale made by the conservator is neither reached or decided.