Wayne SUMMERS, Appellant,

v.

Bernice CORRELL, Personal Representative of the Estate of Ernest L. Jenkins, Deceased, Respondent.

No. WD 46528.

Missouri Court of Appeals, Western District.

May 11, 1993.

Thomas M. Chapman, Chapman, Cowherd & Turner, P.C., Chillicothe, for appellant.

Richard N. Brown, Brown & Casey, Brookfield, for respondent.

Before ULRICH, P.J., and BRECKENRIDGE and HANNA, JJ.

ULRICH, Presiding Judge.

Wayne Summers filed his petition in the conservatorship estate of Ernest L. Jenkins to obtain the probate court's order autho-

rizing Isaac and Ruth L. Garner, co-guardians and co-conservators of the estate, to complete a contract they entered into with Mr. Summers for the sale of real property belonging to the estate. Mr. Jenkins, the protectee, died November 30, 1988, shortly before the conservators filed their Report of Private Sale of Real Property in the conservatorship estate seeking the probate court's order approving the sale. Mr. Summers appeals the order of the probate court which found that it lacked jurisdiction to approve and enforce the contract due to the protectee's death. Mr. Summers contends that the probate court erred in finding it lacked jurisdiction to approve and enforce the contract because (1) such approval and enforcement is within the parameters of the conservators' statutory authority to wind up the conservatorship estate of the deceased protectee; and (2) the court's decision ignores both the legislative intent to approve and enforce contracts entered into by conservators and personal representatives and the practical implications of rendering such contracts unenforceable. The issue presented is whether a probate court, which ordered the sale of certain real property belonging to a conservatorship estate before the death of the protectee, can approve a contract providing for the sale of the real property after the protectee dies. The judgment is affirmed.

On July 20, 1988, Isaac and Ruth L. Garner were appointed guardians of the person and conservators of the estate of Ernest L. Jenkins, an incapacitated and disabled person, by the Probate Division of the Circuit Court of Linn County. Included in the Inventory and Appraisement filed in the estate was real property valued at $25,-000.00. The conservators obtained an order from the probate court in November 1988 to sell such real property, and on November 28, 1988, the conservators entered into a contract with Wayne Summers. The contract provided for the sale of the real property to Mr. Summers for $25,-000.00. The contract explicitly stated that the sale was contingent upon the contract's approval by the Probate Division of the Circuit Court of Linn County.

On November 30, 1988, the conservators filed their Report of Private Sale of the real property with the probate court. On that same day, and hours before the filing, the protectee, Mr. Jenkins, died. The probate court in the guardianship/conservatorship estate never acted upon the report of sale filed by the conservators. On December 6, 1988, Bernice Correll was appointed the personal representative of the estate of Mr. Jenkins by letters testamentary issued by the probate court, and the decedent's estate was opened pursuant to law.

On May 22, 1989, Mr. Summers filed a petition in the conservatorship estate for an order authorizing and directing the personal representative of the decedent estate to complete the real estate contract entered into by Mr. Summers and the conservators of the conservatorship estate. On November 16, 1990, Mr. Summers filed in the decedent estate a first amended petition for an order authorizing the personal representative of that estate to specifically perform the real estate contract. After a hearing, the probate division, in the decedent estate case, approved the contract and authorized and directed Ms. Correll as the personal representative of the decedent's estate to specifically perform the contract. Upon appeal by Ms. Correll, this court reversed the judgment of the probate division. *Summers v. Correll*, 817 S.W.2d 553, 555–56 (Mo.App.1991). This court held that there was no statutory authority for the probate division to order the personal representative in a decedent estate to assume a real estate contract entered into by a conservator, approve the sale, and execute a deed. *Id.* at 555. Therefore, the probate division lacked the authority to act on Mr. Summers' petition in the decedent estate of Mr. Jenkins. *Id.* In a footnote, however, this court added that "[t]he question of the proper procedure to be followed when a protectee dies prior to the approval of a report of sale made by the conservator is neither reached or decided." *Id.* at 556 n. 2.

In December of 1991, Mr. Summers filed a notice to call up for hearing the May 22, 1989, petition to complete the contract in the conservatorship estate. The petition

was thereafter filed with corrections in the conservatorship estate by nunc pro tunc order of the probate division. As corrected, the petition requested an order authorizing the conservators to complete the real estate contract.

A hearing was held in the matter on January 15, 1992, and on February 14, 1992, the trial court issued its findings and order. The court stated it could "find no authority whatsoever which would grant it jurisdiction to approve the sale and order the Co–Conservators to provide a Deed to [Mr. Summers] after the death of the protectee in the conservatorship estate" and concluded as a matter of law that it "ha[d] no jurisdiction to approve [Mr. Summers'] Petition." Mr. Summers appeals from this judgment.

## I.

■ As his first point on appeal, Mr. Summers asserts that the trial court erred in finding that it lacked jurisdiction to approve the real estate contract and to order specific performance of the contract in the conservatorship estate after Mr. Jenkins' death. Mr. Summers notes that the contract was executed pursuant to a previously entered probate division order in the conservatorship estate to sell the property, and he contends that such approval and enforcement is within the parameters of the conservators' statutory authority to wind up the conservatorship estate of the deceased protectee.

Section 475.240, RSMo 1986[1], provides with respect to conservatorship sales of real estate:

Whenever any conservator sells any real estate belonging to his protectee, under an order of court, he shall report the sale to the court ordering the sale, within the same time and in the same manner as personal representatives are required by law to report sales of real estate made by them for the payment of debts. The report shall remain on file ten days before being acted upon and shall be proceeded upon as in the case of sales of real estate by a personal representative.

Any sale, if approved by the court, is valid to all intents and purposes. If the court refuses to approve the report, the order of sale may be renewed, and the same proceedings shall be had as upon the original order.

In this case, the conservators obtained a court order to sell the real property, signed a contract to sell the real property and filed a report of the sale. The protectee, Mr. Jenkins, however, died hours before the report was filed and consequently before the report had been on file for ten days and before the court could approve the sale.

■ If Mr. Jenkins had died after the court had approved the sale, Mr. Summers would have had an equitable title to the land which clearly could have been enforced. *Capelli v. Bennett*, 357 Mo. 421, 424, 426, 209 S.W.2d 109, 111, 112 (1948) ("[T]he approval of a sale of real estate by the probate court vests equitable title in a purchaser who has complied with the terms of a sale" such that "neither the discharge of an administrator or guardian nor the failure to deliver a deed will prevent the purchaser from obtaining a decree for the legal title"). However, Missouri courts have not before determined whether real estate contracts can be approved in a conservatorship estate after the death of the protectee.

■ The death of the protectee normally terminates the authority of a conservator, § 475.083.1(5), and thereby closes the conservatorship estate. The power of the courts to order or approve a sale generally expires with the termination of the conservatorship. 39 C.J.S. *Guardian & Ward* § 110 (1976). Section 475.083.3 provides, however, that "[n]otwithstanding the termination of the authority of a conservator, he shall continue to have such authority as may be necessary to wind up his administration."

■ As noted in *In re Estate of Livingston*, 627 S.W.2d 673, 680 (Mo.App. 1982), the "wind up" provision "has received but little construction by an appel-

1. All sectional references are to RSMo 1986.

late court." Clearly, the wind up provision grants a conservator the authority to pay claims allowed by final judgment and to approve and pay the obligations incurred by the conservator in his or her administration of the estate. *Id.* It also includes the authority to "complete contracts which had matured" before the protectee's death, *Id.* (quoting *Capelli*, 357 Mo. at 426; 209 S.W.2d at 112), and to make contracts, with court approval, for the funeral and burial of a deceased protectee. § 475.083.1(5). The authority to do what is necessary "to wind up [the conservator's] administration" is limiting. The authority to seek the court's approval of a real estate sale contract after the death of the protectee does not exist except when such sale is necessary to wind up administration of the conservatorship. Sale of real property in a conservatorship estate is necessary only when the conservator of the estate cannot wind up administration of the estate without selling the real property.

■ Under section 475.240, in order for a conservator to sell a protectee's real property, the conservator must (1) acquire permission from the court, (2) file a report of the sale with the court, and (3) obtain the court's approval of the sale. The contract between the conservators and Mr. Summers incorporated the requirements of section 475.240 by making the agreement "expressly contingent upon the approval of the Probate Division of the Circuit Court of Linn County, Missouri" and providing that without such approval "this contract shall be null and void and of no effect." Because the protectee died before the statutory and contract provisions could be fulfilled, the contract had not "matured before the ward's death" and therefore could not be "completed" by the conservator. *Livingston*, 627 S.W.2d at 680; *Capelli*, 357 Mo. at 426, 209 S.W.2d at 112. Except for the limited authority of the probate court to facilitate the conservators' obligation to do what is necessary to "wind up [their] administration" pursuant to section 475.083.3, no authority grants the probate division jurisdiction to approve the sale and order the conservators to provide a deed to Mr. Summers after the death of the protec-

tee in the conservatorship estate. There is no evidence in this case that sale of the real property was necessary to wind up the estate. Point one is denied.

## II.

Mr. Summers contends as point two on appeal that the trial court erred in finding that it lacked jurisdiction to approve the real estate contract and order specific performance of it in the conservatorship estate after Mr. Jenkins' death because the court's decision ignores the legislative intent to approve and enforce contracts entered into by conservators and personal representatives. Furthermore, Mr. Summers argues the trial court's decision ignores the practical implications of rendering such contracts unenforceable, "in that contracts to sell real estate, which would be economically beneficial to the conservatorship estate, would be avoided or the purchase price discounted."

■ The sales of real estate by both conservators in conservatorship estates and personal representatives in decedent estates are contingent upon the procurement of *court approval* of the sales. §§ 473.513.3, 475.240. If the legislature had intended that the courts approve and enforce all such sales it would not have directed courts to "examine the report" of the sale and approve the sale only "if satisfied that the sale ... has been at the price and terms most advantageous to the estate and in all respects made in conformity with law and ought to be confirmed." § 473.513.3. *See* § 475.240 ("The report ... shall be proceeded upon as in the case of sales of real estate by a personal representative.").

■ Court approval of real estate sales in conservatorships and decedents' estates is never certain. Approval of real estate sales contracts is not simply a ministerial function. Approval may not be given if the court determines that the sale has not been made at the most advantageous price and terms or in conformity with law. Approval cannot be given after the death of the protectee in a conservatorship estate absent a finding by the court that

sale of the real property is necessary to wind up the estate. Point two is denied.

The judgment is affirmed.

All concur.